■ Frederick Feisthamel et al., Respondents, v State of New York (Department of Environmental Conservation), Appellant. — Order unanimously reversed, on the law and facts, without costs, and motion denied. Memorandum: The arbitrator upheld a determination by appellant terminating respondents' employment. Special Term vacated the arbitrator's award upon the ground of misconduct pursuant to CPLR 7511 (subd [b], par 1, cl [i]).

Respondent appeals and we reverse. Petitioners claim that the award was properly vacated on grounds of misconduct of the arbitrator who allegedly refused off the record to hear evidence of petitioners' good character and credibility and of their past employment histories (see *Matter of Professional Staff Congress/City Univ. of N.Y. v Board of Higher Educ.*, 39 NY2d 319, 323; *Gervant v New England Fire Ins. Co.*, 306 NY 393, 400; *Matter of Lewis v County of Suffolk*, 70 AD2d 107, 111). We note that the employment contract` between the parties provides that disciplinary arbitrators are to confine themselves to determinations of guilt or innocence and the appropriateness of the proposed penalties. The contract also states that "[t]he employee's whole record of employment * * * *may* be considered with respect to the appropriateness of the penalty to be imposed, if any" (emphasis added). While the arbitrator, in addressing the question of guilt or innocence, could have considered evidence of petitioners' good character and credibility and, in addressing the propriety of the penalty, could have accepted proof both of their good character and of their employment histories, we cannot say that the decision not to do so was error amounting to misconduct. The question at bar is clearly distinguishable from *Matter of Lewis v County of Suffolk (supra)*. In *Lewis* the evidence excluded was material and "a very important factor in the arbitration award" *(Matter of Lewis v County of Suffolk, supra,* p 112). Moreover, in *Lewis,* the arbitrator based his decision against the county in part upon the county's failure to adduce the very evidence which the county claims was precluded. Here, the evidence precluded related to character, credibility, and employment history and did not bear directly on a material issue for determination as in *Lewis.* Moreover, there is no indication that the omission of such proof had any effect on the arbitrator's decision. (Appeal from order of Oneida Supreme Court, Tenney, J. — vacate arbitration award.) Present — Hancock, Jr., J.P., Callahan, Doerr, Denman and Schnepp, JJ.