In the Matter of the Arbitration between S. WIENER FURNITURE CO., INC., Appellant, and KINGSTON CITY SCHOOLS CONSOLIDATED, Respondent. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered January 29, 1982 in Ulster County, which denied petitioner's application pursuant to CPLR 7510 to confirm an arbitration award, and which vacated the award. Respondent contracted with petitioner for the purchase and installation of carpeting in the Kingston High School. A dispute arose regarding petitioner's performance under the contract with respect to around-the-clock working during a period when the school was closed to students. Respondent terminated the contract and employed another contractor to complete the work. Pursuant to a provision in the contract, petitioner commenced an arbitration proceeding, seeking $10,939.30 for work performed and materials supplied. Respondent interposed a counterclaim for $74,791.94 based upon the alleged breach of the contract by petitioner. Following four days of hearings, the arbitrators awarded petitioner the full amount of its claim and dismissed the counterclaim. Petitioner commenced this proceeding, pursuant to CPLR article 75, seeking to confirm the award. Respondent moved to vacate the award, and Special Term granted respondent's motion, concluding that the arbitrators' refusal to receive certain evidence offered by respondent was arbitrary and capricious and constituted misconduct. This appeal ensued. During the hearings, a factual dispute arose as to whether petitioner had agreed to work around the clock on November 9 and November 10, 1979. In rebuttal, and in contradiction of testimony presented by respondent, petitioner's president denied having any conversation on those dates with any representatives of respondent concerning the question of around-the-clock work. Several days after the hearings were closed, respondent requested that the arbitrators accept a copy of respondent's telephone bill, showing several telephone calls on November 10 and November 12, 1979 to Fallsburgh, New York, where petitioner is located. Respondent also requested that the arbitrators accept a letter from respondent's representative "explaining" the bill. In the alternative, respondent requested that the hearings be reopened. The arbitrators accepted the copy of the telephone bill, but rejected the letter on the ground that it added nothing to the "self explanatory [sic]" telephone bill. They also denied respondent's request to reopen the hearings. These actions were found to constitute misconduct. We disagree. Unlike *Gervant v New England Fire Ins. Co.* (306 NY 393), relied upon by Special Term, the arbitrators did not refuse to consider relevant and material evidence offered during the course of the hearings. Nor did the conduct of the arbitrators effectively preclude respondent from offering relevant and material evidence at the hearings (see *Matter of Woodco Mfg. Corp.* [*G.R. & R. Mfg.*], 51 AD2d 631). Rather, the hearings, at which both parties presented their proof, had been concluded when respondent sought to submit additional evidence. Pursuant to the Construction Industry Arbitration Rules of the American Arbitration Association, the decision whether to accept such evidence or to reopen the hearings rested in the discretion of the arbitrators. The burden of proving that the arbitrators' denial of the request constituted misconduct rests with respondent and must be met by clear and convincing proof (*Matter of Reale* [*Healey N. Y. Corp.*], 54 AD2d 1039, 1040). Rather than being "highly probative" and "critical", as asserted by respondent, the posthearing evidence offered by

respondent merely tended to bolster testimony presented by respondent at the hearings. At best, the evidence establishes that certain telephone calls were made from respondent's offices to petitioner's place of business and the residence of petitioner's president on November 10 and November 12, 1979. The evidence contains no indication as to the participants in the telephone conversations or the subject of the conversations, which were the critical issues. Moreover, assuming that the telephone bill, which the arbitrators accepted, was "highly probative", respondent has failed to establish that the letter, which was pure hearsay, added anything to the bill itself that was not already available to the arbitrators. Under the circumstances presented here, it cannot be said that the arbitrators' actions amounted to misconduct (compare *Feisthamel v State of New York [Dept. of Environmental Conservation]*, 84 AD2d 960, with *Matter of Lewis v County of Suffolk,* 70 AD2d 107). Since respondent has failed to meet its burden of establishing a statutory ground for vacatur of the award, its motion must be denied and the award confirmed (*Matter of Civil Serv. Employees Assn. v State of New York,* 80 AD2d 970). Special Term's order must, therefore, be reversed. Order reversed, on the law, with costs, petition to confirm award granted and motion to vacate denied. Mahoney, P. J., Sweeney, Kane, Casey and Yesawich, Jr., JJ., concur.