OPINION OF THE COURT
John R. Tenney, J.
Petitioner seeks to vacate the award of a medical arbitration panel. Crouse-Irving and American Motorists, a workers’ compensation insurance carrier, dispute the proper rate of reimbursement for in-patient services provided to a workers’ compensation claimant. The hospital has billed its total charges *638 relying upon Public Health Law §§ 2807 and 2807-a (eff on Jan. 1,1984). Petitioner claims the hospital is limited to the per diem rate established by the Compensation Board.
At the arbitration hearing, the petitioner presented three arguments: that the hospital had misinterpreted the Public Health Law; that the hospital was bound by a certain interim agreement between the New York State Hospital Association and the New York Compensation Rating Board; and finally, that regardless of the proper rate under the law, the hospital’s “charges” were grossly in excess of the usual charges from similarly situated hospitals.
On May 7, the arbitrators found in favor of the carrier and apparently applied the per diem rate.
The hospital obtained a “rehearing” before a different medical arbitration panel which was held on July 16,1984, over petitioner’s objection. On July 20, the second panel changed the first panel’s ruling and made an award for the full amount of the charges.
The parties seek a determination of which result is proper.
The threshold question is the propriety of the second hearing. The original arbitration committee is authorized under Workers’ Compensation Law § 13-g (3) which states, in part: “The committee shall consist of three physicians * * * The majority decision of any such committee shall be conclusive upon the parties as to the value of the services rendered. The chairman may make reasonable rules and regulations consistent with the provisions of this section.” There is no express provision for rehearings or appeals either in section 13-g or in the related sections. However, the Board relies on Workers’ Compensation Law § 117 and 12 NYCRR 327.5 which grant broad rule-making power to the Board and broad procedural discretion to the arbitration committee. It also relies upon Workers’ Compensation Law § 123 which states, in part, that “[t]he power and jurisdiction of the board over each case shall be continuing, and it may, from time to time, make such modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just”.
It appears that under a reasonable interpretation of Workers’ Compensation Law § 117, the commissioner had the authority to order a rehearing, but no rules have been established. It is not proper to establish rules after the fact. (Matter of Willmont Liqs. v Rohan, 2 Misc 2d 768, 779-780; see also, 12 NYCRR 327.5.)
Finally, petitioner contends that Workers’ Compensation Law § 123, entitled “Jurisdiction of board to be continuing”, is only *639 applicable to jurisdiction over employees’ compensation cases, but not to determinations of medical arbitration committees. The annotations following section 123 support this contention.
However, section 123 is part of Workers’ Compensation Law article 7. which is entitled “Miscellaneous Provisions”. All of the provisions of the article apply to the whole of the Workers’ Compensation Law, and there is no indication that medical arbitration committees are exempted. Furthermore, 12 NYCRR 300.14 states, in subdivision (a) that “Application may be made by any party in interest for a rehearing or reopening of a claim” (emphasis added). A “claim” is defined as “any matter over which the board has jurisdiction” (12 NYCRR 300.1 [c]). Since the hospital is a party in interest and since the Board has jurisdiction over such fee disputes, it appears that the Board acted properly in granting the rehearing.
As to the substantive argument, petitioner contends that the hospital was bound by an interim fee schedule agreement established between the New York State Hospital Association and the New York Compensation Rating Board for January 1 to February 28, 1984. Admittedly, Crouse-Irving is a member of the New York State Hospital Association, but the agreement was not mandatory. Each member of the association had the option of accepting the recommended fee schedule or to bill its actual charges. There is no indication that the hospital ever agreed to the interim rates.
Respondent argues that under Public Health Law §§ 2807 and 2807-a after January 1, 1984, hospitals could bill services to workers’ compensation patients at actual “charges”. Petitioner questions this interpretation arguing that the Legislature could not have intended such a result in view of its past activity. It is contrary to public policy to allow the fee schedule to expire and be replaced by an unregulated case-by-case determination of charges.
The flaw in this position is the assumption that “charges” are unregulated and determined by each hospital in a random fashion. Public Health Law § 2807-a, entitled “Reimbursement of general hospital inpatient services”, sets forth an extensive and elaborate system for the determination of a hospital’s “charges”. Under this scheme, the commissioner establishes an “inpatient revenue cap” for each hospital. This “cap” includes all revenue from all payors that a hospital may receive during a 12-month period (Public Health Law § 2807-a [1]). This cap, subject to adjustment in accordance with subdivision (5), is then used to formulate a gross charge determination formula. The intended *640 result is that a hospital’s gross charges are sufficient to generate the in-patient revenue “authorized by the * * * cap” (Public Health Law § 2807-a [6] [a]). Hospitals are not allowed to charge for services in excess of the rates established (Public Health Law § 2807-a [13]) and are subject to compulsory “restitution for any overpayments made by any party.” (Public Health Law § 2807-a [14].)
Thus, while hospital charges to carriers may be higher than the fee schedule, there are ample controls established by the State to prohibit arbitrary determination of charges. This is purely a legislative matter and is not subject to review at this phaoe. There does not appear to be any violation of State law in this matter, and the motion to confirm the award is granted. Further, there is no evidence of impropriety by the arbitrator or the Board. (Feisthamel v State of New York [Dept, of Envtl. Conservation], 84 AD2d 960.)