■ In the Matter of the Arbitration between GABRIEL SEDLIS, Respondent, and MENARD M. GERTLER et al., Appellants.— Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered on or about July 14, 1989, which confirmed the award of the arbitrator, denied respondents' cross motion to vacate said award, and granted recovery to petitioner against respondents in the sum of $40,065.85 with interest at 12% per annum from February 3, 1986 to June 3,

1989 in the sum of $16,026.34 and with interest to judgment in the sum of $547.54 and continuing thereafter at a rate of 12% per annum until payment, plus fees and expenses, of the arbitration proceeding and costs and disbursements, for a total of $59,616.05, unanimously modified to reflect a prejudgment interest rate of 6% per annum and a postjudgment interest rate of 9% per annum and the interest awards recalculated in accordance with such modification, and otherwise affirmed without costs.

Respondent, as owners, and petitioner, an architect, entered into an agreement for the renovation and enlargement of respondents' home, pursuant to which petitioner was to provide design services and oversee construction. During construction, respondents expressed dissatisfaction with the services of petitioner and the contractor, particularly with respect to a defect causing a sloping condition in the floor of a second-floor bedroom. Respondents withheld payment and petitioner commenced an arbitration proceeding pursuant to an arbitration clause in the contract. Respondents counterclaimed, alleging breach of contract, negligence and malpractice. A six-day arbitration hearing was conducted at which the parties presented expert testimony. The arbitrator also conducted an on-sight inspection in the presence of the parties and counsel. After the hearing had concluded, respondents were given permission to submit a real estate appraisal for the limited purpose of establishing the value of the premises. Because the appraisal also dealt with the sloping floor, petitioner requested that the hearing be reopened to allow petitioner to submit his engineer's load calculations and related material with respect to a design beam in the ceiling. Respondents objected, insisted on the right to cross-examine the engineer, and suggested the hearings be reopened and held at the site and that the ceiling be opened to permit direct observation of the beam. Petitioner then withdrew his request to reopen the hearings. Respondents again requested that hearings be reopened. Petitioner opposed the request as an attempt to retry the case. The arbitrator thereafter denied the request on the grounds that each party had been afforded a full and fair opportunity to present its case and that reopening would be repetitious, redundant and unwarranted. The arbitrator thereafter made the aforementioned award. Petitioner moved to confirm the award which motion was opposed by respondents. The court granted the motion, finding that the arbitrator's decision not to reopen the hearing was based upon his determination that the parties had been afforded ample

opportunity to fully present all claims and that such determination was well within his broad discretion and did not constitute misconduct. We agree.

An arbitration award may only be vacated where the rights of the complaining party were prejudiced by corruption, fraud or misconduct in procuring the award (CPLR 7511). "Whether a case should be reopened for the taking of additional testimony rests within the broad discretion of the arbitrators, and even an abuse of such discretion, in the absence of misconduct, would not be ground for setting aside an award" *(Matter of Big-W Constr. Corp. [Horowitz],* 24 Misc 2d 145, 154, *affd* 14 AD2d 817). Mere refusal to reopen a case to take additional testimony upon an issue which had been addressed at length or to take posthearing evidence offered to bolster testimony already presented, as in the case at bar, does not constitute misconduct which would allow for vacatur of an award *(Matter of Big-W Constr. Corp. [Horowitz], supra; Matter of Weiner Furniture Co. v Kingston City Schools Consol.,* 90 AD2d 875).

However, the award must be modified to correct a miscalculation in the award of interest (CPLR 7511 [c] [1]). The contract specified that payments due and unpaid shall bear interest at the rate specified or at the legal rate at petitioner's principal place of business (New York). As no rate was specified, prejudgment interest must be calculated at the rate of 6% per annum (General Obligations Law § 5-501 [1]). Postjudgment interest must also be recalculated at 9% per annum (CPLR 5003, 5004). Concur—Kupferman, J. P., Ross, Asch, Ellerin and Rubin, JJ.