■ In the Matter of DIANE PERAZA, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [602 NYS2d 937] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated June 29, 1990, and a master arbitration award dated October 9, 1990, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Yachnin, J.), entered

June 14, 1991, which denied her application to vacate the award, and granted the cross application of Allstate Insurance Company to confirm the award.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, the arbitrator's refusal to grant her a continuance to procure photographs of the damaged vehicle did not constitute misconduct. It is well established that the decision as to whether to grant or refuse an adjournment is within the sound discretion of the arbitrator, and that it is only when that discretion is abused that misconduct results *(see, Matter of Herskovitz [Kaye Assocs.],* 170 AD2d 272; *Matter of Omega Contr. v Maropakis Contr.,* 160 AD2d 942). Here, however, both the petitioner and her witness testified about the condition of the insured's automobile after the accident, and their testimony was corroborated by an affidavit from the president of the body shop where the damaged vehicle remained for approximately one month following the accident. Under these circumstances, the failure to grant the petitioner an adjournment in order to present additional evidence to bolster her testimony and the testimony of her witness was not an abuse of discretion amounting to misconduct *(see, Matter of Sedlis [Gertler],* 161 AD2d 228; *Matter of Weiner Furniture Co. v Kingston City Schools Consol.,* 90 AD2d 875). Furthermore, the insurer's failure to produce the photographs did not prejudice the petitioner's rights, since the photographs were not probative of the key issue in this case, which was whether or not the petitioner was a passenger in the insured's vehicle at the time of the accident.

We note that the arbitrator's finding that the petitioner was not a passenger in the insured's vehicle at the time of the accident is supported by a rational basis, and, accordingly, may not be vacated *(see, Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207; *Matter of Panton v Allstate Ins. Co.,* 173 AD2d 831; *Matter of Prudential Prop. & Cas. Ins. Co. v Carleton,* 145 AD2d 492; *Matter of Nyack Hosp. v Government Empls. Ins. Co.,* 139 AD2d 515).

We have considered the petitioner's remaining contention and find it to be without merit. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.