## (December 31, 1973)

■ ADOLF BERMAN et al., Respondents, v. SHATNES LABORATORY et al., Defendants, and JOSEPH ROSENBERGER, Appellant.— In this action to recover damages for alleged trade libel, defendant Joseph Rosenberger appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Kings County, dated April 23, 1973, as denied a motion to dismiss the complaint as against him and severed the action (the motion was granted as to defendants Schick and Kremer) and (2) from so much of a second order of

the same court, dated May 10, 1973, as, upon reargument, adhered to the original determination. Appeal from order dated April 23, 1973 dismissed as academic. That order was superseded by the order made on reargument. Order dated May 10, 1973 reversed insofar as appealed from, on the law, and motion granted as to defendant Joseph Rosenberger. Appellant is granted one bill of $20 costs and disbursements to cover both appeals. Plaintiff Adolf Berman and defendant Joseph Rosenberger are both engaged in the business of testing garments for Shatnes (a mixture of wool and linen in one garment prohibited by Mosaic Law — Deuteronomy 22:11). Rosenberger challenged Berman's qualifications to test for Shatnes. Both sides signed a document agreeing to be bound by the decision of a Din Torah (a tribunal composed of three rabbis rendering a determination of disputes in strict accordance with Jewish Law), without further appeal. After the hearing, wherein both sides submitted evidence, the tribunal rendered a decision, or "Psak Bes Din", which, essentially, held that Berman was not qualified to test for Shatnes and should not do so until he would submit himself to the supervision of a rabbi who would verify his qualification to conduct the appropriate tests. This was in February, 1969. Berman failed to adhere to the determination rendered by the Din Torah and, in January, 1971, defendants published circulars in and about Jewish communities in Brooklyn and elsewhere, informing of the decision of the rabbinical tribunal. Plaintiffs then commenced the instant action for trade libel and defendant Rosenberger moved to dismiss the complaint. We are of the opinion that the complaint as against defendant Rosenberger cannot stand. The parties to this appeal, by submitting the issue of plaintiff Berman's qualifications to test for Shatnes to a Din Torah, made their own procedure and established the basis upon which their differences would be resolved (Cullen v. Naples, 31 N Y 2d 818, 820). The determination of the Din Torah was in the nature of a common-law award in arbitration (Matter of Kozlowski v. Seville Syndicate, 64 Misc 2d 109, 113) and acts as a bar to relitigating essentially the same issue that was decided thereby in the guise of the instant libel action (CPLR 3211, subd. [a], par. 5). Moreover, as the parties chose to resolve their differences in an ecclesiastical tribunal, temporal courts should not interfere with the binding results therein (cf. Rodyk v. Ukrainian Autocephalic Orthodox Church of St. Volodimir, 31 A D 2d 659, affd. 29 N Y 2d 898; United Kosher Butchers Assn. v. Associated Synagogues of Greater Boston, 349 Mass. 595, 599). Martuscello, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.