◼ THOMAS KELLY et al., Respondents, v NEW YORK STATE BOWLING ASSOCIATION, INCORPORATED, Appellant.—In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Jones, J.), entered May 18, 1988, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

This breach of contract action arises out of the plaintiffs' claim that they were wrongfully disqualified after competing in the 1984 New York State Bowling Association championship tournament. The tournament was conducted by the defendant, which is a chartered local association of the American Bowling Congress. The plaintiffs are members of both the defendant association and the American Bowling Congress, and the entry form which they submitted in order to participate in the championship tournament specifically provided that all tournament games would be played in strict compliance with the rules and regulations of the American Bowling Congress. These rules permit participants in tournaments sanctioned by the American Bowling Congress to protest or appeal decisions made by local tournament officials, but further provide that "[t]he decision of the Congress shall be final and binding upon all entrants and officials of such tournament". In accordance with these provisions, the plaintiffs appealed from the defendant's determination disqualifying their team to both the executive secretary and the legal

committee of the American Bowling Congress, but the ruling of the local tournament officials was upheld.

As members bowling in a tournament sanctioned by the American Bowling Congress, the plaintiffs agreed to submit disputes of this nature to its jurisdiction and procedures, and agreed that the organization's determinations would be binding. The plaintiffs are thus precluded from relitigating the issue of their disqualification under the guise of a breach of contract action. Consequently, the defendant's motion for summary judgment is granted (*see, Slobin v Ward,* 92 AD2d 541; *cf., Berman v Shatnes Lab.,* 43 AD2d 736). Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.