■ In the Matter of JAMES SMITH, Appellant, v SUFFOLK COUNTY POLICE DEPARTMENT et al., Respondents. [609 NYS2d 645] —In a proceeding purportedly brought pursuant to CPLR article 78, which was converted by the Supreme Court to a proceeding pursuant to CPLR article 75 to vacate a determination of an arbitrator dated February 8, 1988, as amended March 24, 1988, which, after a hearing, terminated the petitioner's employment as a police officer, the petitioner appeals from so much of an order of the Supreme Court, Suffolk County (Colby, J.), dated July 23, 1990, as, upon granting renewal, adhered to a determination in a judgment of the same court, dated January 18, 1989, dismissing the petition and confirming the arbitration award.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner was removed as a member of the Suffolk County Police Department after he was found guilty, after an arbitration hearing, of departmental charges. The charges involved, *inter alia,* allegations that the petitioner and a friend had raped two minor females. The petitioner was acquitted of criminal charges arising from the same events.

We find that the petition is without merit. The petitioner argues that the arbitrator's refusal to allow him to recall the complaining witness and her corroborating witness or to enter a transcript of the testimony they gave at a related criminal trial into evidence constituted misconduct under CPLR 7511. However, because the petitioner failed to raise the arguments concerning the corroborating witness at the arbitration hearing, they are not properly before this Court *(see, Matter of Mercy Hosp. v Board of Zoning Appeals,* 127 AD2d 659). In addition, although the arguments concerning the victim were raised at the arbitration hearing, the arbitrator did not commit misconduct.

Although the petitioner's subsequent counsel was apparently displeased with the quality of the questioning, the victim was thoroughly cross-examined by the petitioner's initial counsel at the hearing. Further, although the petitioner argues that the victim's testimony at the criminal trial substantially

contradicted her testimony at the arbitration hearing, and that he should have been allowed to re-cross-examine her concerning these contradictions, he fails to support this conclusory assertion with any relevant citation to the record. Indeed, as found by the Supreme Court, our independent review of the hearing record reveals no such substantial contradictions. Thus, the arbitrator was not guilty of misconduct when he refused either to allow the petitioner to recall the victim or to admit some or all of a transcript of the testimony she gave at the criminal trial into evidence. Finally, even assuming, arguendo, that such contradictions did exist, they went only to the credibility of the witness. And, as evidence going solely to the credibility of a witness was collateral to the material issues to be decided, the refusal to admit such evidence was not "misconduct" (see, Feisthamel v State of New York [Dept. of Envtl. Conservation], 84 AD2d 960, affd 57 NY2d 696).

We have examined the petitioner's remaining contentions and found them to be either unpreserved for appellate review or without merit. Bracken, J. P., Balletta, Miller and Pizzuto, JJ., concur.