OPINION OF THE COURT
Beverly S. Cohen, J.
The plaintiffs move for monetary sanctions for nonappear *126 anee for an examination before trial and for a conditional order striking the defendants’ answers should they fail to appear. The defendants move by separate notice of motion, not denominated as a cross motion, to amend their answers to assert new affirmative defenses and for summary judgment dismissing the third through fifth causes of action in the complaint based on those defenses.
This action arises out of a fee dispute between defendant Joseph Goldburd and plaintiff Marvin Neiman, who are both attorneys. Defendant Goldburd & McCone, Inc., and plaintiff Neiman Ginsburg & Mairanz, P. C., are the law firms of Goldburd and Neiman. The complaint alleges that Goldburd referred a client known as Miller to Neiman and that the two attorneys agreed to jointly represent Miller on an appeal for a contingency fee. The first cause of action alleges that Goldburd and his firm interfered with Neiman’s contractual relationship with Miller by encouraging him not to pay Neiman the full amount of his legal fee and by hiding the amount of the recovery from him. The second cause of action alleges that the Goldburd defendants, as the plaintiffs’ partners, breached their fiduciary duty by encouraging Miller to pay plaintiffs a reduced legal fee and by concealing the amount of the recovery.
The third through fifth causes of action allege that defendants injured plaintiffs’ reputation by improperly obtaining a seruv (spelled siruv in the complaint) from a Jewish religious arbitration tribunal, a Beth Din, and publishing it to others in Neiman’s orthodox Jewish community. The defendant Rabbi Reuven Alt is alleged to have prepared the seruv and issued it under the auspices of the Beth Din known as Yeshivah Beth Joseph.
The parties agree that a seruv is a contempt citation issued when a Jew refuses to go to a rabbinical tribunal or Beth Din to settle a dispute and it is uncontradicted that a seruv is a sufficient basis for excommunication. It is undisputed that plaintiff Neiman was issued three summonses to go to the Beth Din in December 1995, January 1996 and March 1996 and that a seruv was issued on May 28, 1997. The parties also agree that in December of 1995, Neiman appeared at the Beth Din, but refused to sign a submission to the jurisdiction of the tribunal. Several warning letters were written to Neiman before the seruv issued, including one from defendant Alt that his rabbinical court would adjudicate in accordance with “Torah Law”. (See, letter dated Dec. 11, 1996.)
*127 Neiman argues that the seruv should not have issued because he appeared at the Beth Din and agreed to submit to its decision if the determination would be based strictly in accordance with law (reiner din torah or halacha), not in accordance with law and compromise (peshara). (See, Matter of Hellman [Wolbrom], 31 AD2d 477.) He urges that under Jewish law, he was entitled to demand such a hearing, that he did demand such a hearing, and that the Beth Din refused to decide the case on that basis. The parties have submitted numerous and confusing authorities on Jewish law, which appear to be in conflict on whether the insistence on pure law is a contempt, some stating that one must attend a Beth Din that decides on the basis of law and compromise, and some which state that a litigant may demand a purely legal determination, and that a Beth Din may refuse to decide on that basis if it does not feel competent to decide purely in accordance with law. The latter authorities say that if the Beth Din refuses, the parties can designate another Beth Din.
The record demonstrates that Neiman did suggest a different Beth Din that would adjudicate in accordance with law only, but it is undisputed that he did that after the seruv issued. Defendant Goldburd rejected the tribunal suggested by Neiman.
The defendants seek to amend their answers to include the defenses of truth and privilege. The motion to amend is granted and the summary judgment motion is granted on the basis of the amended pleadings. Plaintiffs were given time to respond to the arguments raised in support of the new defenses.
Section 74 of the Civil Rights Law enacted a defense of privilege in an action for libel based upon a fair and true report of any judicial proceeding or other official proceeding. It provides that:
“A civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding * * * or other official proceeding * * *
“This section does not apply to a libel contained in any other matter added by any person concerned in the publication; or in the report of anything said or done at the time and place of such a proceeding which was not a part thereof.”
In addition to the statute, there is case law holding that the publication of the determination of a Beth Din will not support a claim for libel. (Berman v Shatnes Lab., 43 AD2d 736.) A fair *128 and true report does not become defamatory if it does not contain the plaintiffs side of the decision. (Glendora v Gannett Suburban Newspapers, 201 AD2d 620.)
The civil courts have no power to review determinations of ecclesiastical courts on matters pertaining to their religion. (Berman v Shatnes Lab., supra; Watson v Jones, 80 US 679; Kedroff v St. Nicholas Cathedral, 344 US 94.)
Here, the publication of the determination of the Beth Din that is alleged is that persons were informed that the seruv issued and given a copy of it. The seruv was in fact issued and the report was fair, true and privileged.
This court has no power to review the Beth Din’s determination that it was appropriate under Jewish law to issue the seruv. Plaintiffs argument that he demanded and was entitled to a pure law determination and that a seruv should not have issued over his request is a purely ecclesiastical question that has been decided by the Beth Din in accordance with what it perceives to be Jewish law.
The motion to strike the answers of the defendants for nonappearance for depositions is granted solely to the extent that defendants Joseph Goldburd and Goldburd & McCone, Inc., are directed to appear for an examination before trial within 20 days after service upon them of a copy of this order with notice of entry. The motion is denied as to Rabbi Reuven Alt because all causes of action against him have been dismissed. The motion for sanctions for nonappearance at the deposition is denied.
Accordingly, it is ordered that the motion by defendants to amend the complaint is granted and the proposed amended answers attached to the moving papers have been deemed served; and it is further ordered that the motion by defendants to dismiss the third through fifth causes of action in the complaint is granted, the third through fifth causes of action are dismissed against all of the defendants with prejudice, and the action is dismissed against Rabbi Reuven Alt; and it is further ordered that the motion by plaintiffs for sanctions and to compel disclosure is granted solely to the extent that defendants Joseph Goldburd and Goldburd & McCone, Inc., are directed to appear for an examination before trial within 20 days after service upon them of a copy of this order with notice of entry; and it is further ordered that the clerk is directed to enter judgment accordingly and to sever the remainder of the action against Joseph Goldburd and Goldburd & McCone, Inc., *129 which shall continue, and upon service upon him of a copy of this order with notice of entry, the clerk of the Trial Support Office, room 158M, is directed to note the severance.