■ EDWARD A. KAMINSKY et al., Appellants, v SPENCER SEGURA, Respondent. [810 NYS2d 25]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered July 13, 2004, which denied the petition to vacate the damages portion of an arbitration award dated August 28, 2003 for arbitrator misconduct in failing to admit certain rebuttal evidence, unanimously affirmed, with costs.

Judicial review of an arbitration award is limited, and an award will not be vacated "unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on [the arbitrator's] power" (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]; *see also Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 83 [2003]). Arbitrators need only receive evidence that is "pertinent and material," and such determination will only be set aside if it deprives a party of a fundamentally fair hearing (*DeSilva v First Union Sec., Inc.*, 249 F Supp 2d 286, 290 [SD NY 2003]). Petitioners failed to meet their burden of showing, with clear and convincing proof, that the arbitrators' refusal to hear the rebuttal expert witness constituted misconduct by preventing them from eliciting pertinent and material testimony in this hearing which consumed 24 days over a 15-month period (*see Matter of S. Wiener Furniture Co. [Kingston City Schools Consol.]*, 90 AD2d 875 [1982]). Petitioners could have called this witness during their case in chief (*Republic of Croatia v Trustee of Marquess of Northampton 1987 Settlement*, 203 AD2d 167, 169 [1994], *lv denied* 84 NY2d 805 [1994]). Rebuttal testimony cannot be utilized simply to challenge the credibility of another witness, namely, respondent's expert (*see Matter of Smith v Suffolk County Police Dept.*, 202 AD2d 678 [1994], *lv denied* 84 NY2d 807 [1994]). Concur—Buckley, P.J., Marlow, Sweeny, Catterson and McGuire, JJ.