■ In the Matter of MBNA, Appellant, v Sabrina Anastasio, Respondent. [824 NYS2d 724]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated November 17, 2004, the petitioner appeals from an order of the Supreme Court, Richmond County (Vitaliano, J.), dated December 16, 2005, which denied its motion for leave to renew its prior motion to confirm the award, which had been dismissed by order of the same court dated September 16, 2005.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, the motion for leave to renew is granted, and upon renewal, the petitioner's motion to confirm the award dated November 17, 2004, is granted.

The Supreme Court properly dismissed the petitioner's initial motion to confirm the arbitration award dated November 17, 2004, since the award was not affirmed (see CPLR 7507).

However, the Supreme Court improvidently exercised its discretion in denying the petitioner's motion for leave to renew after the petitioner promptly rectified that inadvertent procedural error (*see DeLeonardis v Brown*, 15 AD3d 525, 526 [2005]; *cf. Gillis v Toll Land XIII Ltd. Partnership*, 309 AD2d 734, 735 [2003]; *Wester v Sussman*, 304 AD2d 656, 656-657 [2003]). "The addition of the [affirmation] to the award was a ministerial act which not only did not invalidate the award, but was necessary in order for it to be enforced" (*Abreu v Nationwide Mut. Ins. Co.*, 87 AD2d 572, 572 [1982]; *see Matter of Alava v Consolidated Edison Co. of N.Y.*, 183 AD2d 713, 714 [1992]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.