■ In the Matter of STOLTHAVEN PERTH AMBOY, INC., Respondent-Appellant, v JLM MARKETING, INC., Appellant-Respondent. [849 NYS2d 513]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered June 13, 2007, which granted the petition to confirm an arbitration award, denied the cross motion to vacate the award, and awarded petitioner the principal sum of $825,000, unanimously affirmed, without costs.

All three arbitrators affirmed the award in the same form, although the signatures of the majority were not notarized. That necessity was eliminated by the Legislature in 1981 (*see* Weinstein-Korn-Miller, NY Civ Prac ¶ 7507.02). Even were we to find a defect in the affirmations of the majority, we would not vacate the award (*see MBNA Am. Bank, N.A. v Anastasio*, 35 AD3d 474 [2006]).

The arbitration award was not marked by manifest disregard of the law, there being no showing that the arbitrators had ignored or refused to apply a governing legal principle that was well defined, explicit, and clearly applicable to the case (*see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 481

[2006], *cert dismissed* — US —, 127 S Ct 34 [2006]). Respondent failed to show by clear and convincing evidence that it had been deprived of a fundamentally fair hearing (*see Kaminsky v Segura*, 26 AD3d 188 [2006]).

We decline to award contractual legal fees, in light of petitioner's failure, inter alia, to offer evidence of actual expenses directly resulting from the arbitration. We have considered the parties' other arguments for affirmative relief and find them without merit. Concur—Andrias, J.P., Nardelli, Buckley and Catterson, JJ. [*See* 2007 NY Slip Op 31531(U).]