In the Matter of THOMAS H. BEALS, Appellant, v NEW YORK CITY TRANSIT, Respondent. [942 NYS2d 86]—

Order and judgment (one paper), Supreme Court, New York County (Barbara Jaffe, J.), entered March 9, 2011, granting

respondent's cross motion to dismiss the petition to vacate the arbitration award confirming petitioner's termination, unanimously affirmed, without costs.

The arbitrator properly declined to apply the collective bargaining agreement's statute of limitations on the ground that, pursuant to its terms, it had not commenced running while an investigation of the conduct leading to the disciplinary charges against petitioner was under way. In any event, any error by the arbitrator in interpreting the facts or applying the law on this issue did not provide a basis for vacatur of the award (*see Matter of Adolphe v New York City Bd. of Educ.*, 89 AD3d 532, 533 [2011]). Petitioner waived his claim that the arbitrator should have enforced his witness subpoenas by failing to seek a stay of the arbitration and a court ruling compelling compliance and by continuing with the arbitration. Moreover, an arbitrator's erroneous evidentiary rulings may support vacatur only if the evidence would have been pertinent and material (*see Matter of Professional Staff Congress/City Univ. of N.Y. v Board of Higher Educ. of City of N.Y.*, 39 NY2d 319, 323 [1976]). The unproduced testimony of the investigators would have been merely hearsay and cumulative of the testimony based on personal knowledge that had been heard from witnesses and targets of petitioner's misconduct, the testimony of the Transit Authority managers that the use of profanity was common in the workplace would not have shed light on other charges or rebutted the charge that petitioner's use of profanity was pervasive, and the woman working in a rehabilitation facility was not a Transit Authority employee subject to subpoena. To the extent that any of the unproduced testimony may have been useful for impeachment, the foreclosure of collateral evidence going to credibility is not misconduct (*see Kaminsky v Segura*, 26 AD3d 188, 189 [2006]; *Matter of Smith v Suffolk County Police Dept.*, 202 AD2d 678, 679 [1994], *lv denied* 84 NY2d 807 [1994]). Petitioner fails to point to any provision in the collective bargaining agreement to support his contention that the arbitrator exceeded a restriction on his power (*see Matter of Chaindom Enters., Inc. [Furgang & Adwar, L.L.P.]*, 10 AD3d 495, 497 [2004], *lv denied* 4 NY3d 709 [2005]). The contention that the failure to consider his alcoholism defense renders the award in violation of public policy is merely a semantic variation on the ineffective claim that the arbitrator failed to properly evaluate the evidence (*see Kalyanaram v New York Inst. of Tech.*, 79 AD3d 418, 419-420 [2010], *lv denied* 17 NY3d 712 [2011]).

We have considered petitioner's other contentions and find them unavailing. Concur—Saxe, J.P., Sweeny, Moskowitz,

Renwick and Abdus-Salaam, JJ. [**Prior Case History: 2011 NY Slip Op 30281(U).**]