Civil Serv. Employees Assn., A.F.S.C.M.E. Local 1000, A.F.L.-C.I.O. by its Local 830 v Nassau Healthcare Corp. (2020 NY Slip Op 06777)





Civil Serv. Employees Assn., A.F.S.C.M.E. Local 1000, A.F.L.-C.I.O. by its Local 830 v Nassau Healthcare Corp.


2020 NY Slip Op 06777


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-04076
 (Index No. 610842/17)

[*1]In the Matter of Civil Service Employees Association, A.F.S.C.M.E. Local 1000, A.F.L.-C.I.O. by its Local 830, etc., respondent-appellant, 
v
Nassau Healthcare Corporation, appellant-respondent.


Littler Mendelson P.C., Melville, NY (Paul R. Piccigallo, Amy Ventry-Kagan, and Denise Barton Ward of counsel), for appellant-respondent.
Law Offices of Louis D. Stober, Jr., LLC, Mineola, NY, for respondents-appellants.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to modify an arbitration award dated October 10, 2017, Nassau Healthcare Corporation appeals, and the petitioner cross-appeals, from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered February 27, 2018. The order, insofar as appealed from, in effect, granted that branch of the petition which was to confirm so much of the arbitration award as reinstated Annieamma Augustine, Sijimole Reji, and Martine Morland to their former positions, and denied that branch of the motion of Nassau Healthcare Corporation which was to vacate that portion of the award. The order, insofar as cross-appealed from, denied that branch of the petition which was to vacate so much of the arbitration award as imposed the penalty of reinstatement without back pay.
ORDERED that the order is reversed insofar as appealed from, on the law, that branch of the petition which was to confirm so much of the arbitration award as reinstated Annieamma Augustine, Sijimole Reji, and Martine Morland to their former positions is denied, and that branch of the motion of Nassau Healthcare Corporation which was to vacate that portion of the award is granted; and it is further,
ORDERED that the cross appeal is dismissed as academic in light of our determination on the appeal; and it is further,
ORDERED that one bill of costs is awarded to Nassau Healthcare Corporation payable by the petitioner.
Annieamma Augustine and Sijimole Reji, registered nurses, and Martine Morland, a nurse aide (hereinafter collectively the employees), were employed by Nassau Healthcare Corporation (hereinafter NHC) in the Nursing Ventilator Unit of the A. Holly Patterson Extended Care Facility (hereinafter AHP), a skilled nursing care facility. On December 29, 2015, the employees' employment was terminated by NHC based upon an incident that occurred on December 20, 2015, during which the employees allegedly ignored approximately nine minutes of visual and audible alarms signaling that a ventilator-dependent resident was in respiratory distress. Pursuant to the parties' collective bargaining agreement, the employees' representative, Civil Service [*2]Employees Association, A.F.S.C.M.E. Local 1000, A.F.L.-C.I.O., by its Local 830 (hereinafter the Union), filed a grievance challenging the terminations and the matter ultimately proceeded to arbitration. The arbitration hearing took place over several dates between May 2016 and June 2017. The employees chose not to testify at the hearing. In September 2017, the employees were indicted on several misdemeanor and felony charges, including criminally negligent homicide, in connection with the events of December 20, 2015.
Following the hearing, the arbitrator issued an award dated October 10, 2017, finding that NHC did not sustain its burden of proving that the blaring alarm of the central alarm system throughout the unit, which signaled a respiratory emergency, was triggered. However, based on the employees' failure to testify at the hearing, the arbitrator drew an adverse inference against them on the factual issue of whether the beeping alarm coming from the ventilator machine itself in the resident's room, which did not necessarily signal an emergency, was audible to them at the nursing station. The arbitrator reinstated the employees to their former positions, but directed that they be reinstated without back pay.
On or about October 13, 2017, the Union, on behalf of the employees, commenced this proceeding pursuant to CPLR article 75 to confirm so much of the arbitrator's award as reinstated the employees to their former positions, and to vacate so much of the award as imposed the penalty of reinstatement without back pay. NHC moved, inter alia, to vacate so much of the award as reinstated the employees to their former positions. NHC argued, among other things, that following the indictments against the employees, in November 2017, the Office of Medicaid Inspector General (hereinafter OMIG) issued "exclusion letters" to the employees precluding them from being involved in any activity related to the furnishing of medical care, services, or supplies to Medicaid recipients. NHC argued that as a result of the exclusions, it was legally impossible for NHC, as a Medicaid provider, to reinstate the employees to provide services of any kind. In the order appealed from, the Supreme Court confirmed the arbitration award.
An arbitration award may be vacated if it violates strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on an arbitrator's power (see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326; Matter of Banegas v GEICO Ins. Co., 167 AD3d 873, 874). With respect to the public policy exception, "a court may vacate an arbitral award where strong and well-defined policy considerations embodied in constitutional, statutory or common law prohibit a particular matter from being decided or certain relief from being granted by an arbitrator" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d at 327; see Matter of Sprinzen [Nomberg], 46 NY2d 623, 631). "The focus of inquiry is on the result, the award itself" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d at 327). Thus, a court may vacate an award on public policy grounds "where the final result creates an explicit conflict with other laws and their attendant policy concerns" (id. at 327 [emphasis omitted]).
In this case, the record reflects that after the employees were indicted, inter alia, on felony charges, OMIG notified the employees that they were excluded "from participation in the New York State Medicaid program based on New York State regulations authorizing the immediate exclusion of a person who has been charged with committing an act which would be a felony under the laws of New York and which relates to or results from," among other things, "the furnishing of or billing for medical care, services or supplies." Pursuant to 18 NYCRR 515.5(c), "[a] person who is excluded from the program cannot be involved in any activity relating to furnishing medical care, services or supplies to recipients of medical assistance for which claims are submitted to the program, or relating to claiming or receiving payment for medical care, services or supplies during the period." The regulations also preclude reimbursement for medical care, services, or supplies provided by an excluded person (see 18 NYCRR 515.5[b]), and the Department of Health's published Medicaid Update instructs Medicaid providers "to ensure that they do not employ, or are affiliated with, any individual who has been excluded from either the Medicare or the Medicaid program" (Office of Medicaid Management, DOH Medicaid Update, June 2005 Vol. 20, No. 7,available at https://www.health.ny.gov/health_care/medicaid/program/update/2005/jun2005.htm [last accessed Oct. 27, 2020]). There is no evidence in the record that the exclusion was vacated. Therefore, the final result of the arbitrator's award, reinstating the employees to their former [*3]positions, creates an explicit conflict with the subject regulations and their attendant policy concerns (see Matter of New York State Correctional Officers & Police Benevolent Assn., Inc. v State of New York, 94 NY2d at 327; Matter of Phillips v Manhattan & Bronx Surface Tr. Operating Auth., 132 AD3d 149, 157).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, under the particular circumstances of this case, the Supreme Court should have denied that branch of the petition which was to confirm so much of the arbitration award as reinstated the employees to their former positions, and granted that branch of NHC's motion which was to vacate that portion of the award.
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court