Matter of New York Off. for People with Dev.al Disabilities (Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO) (2021 NY Slip Op 02579)





Matter of New York Off. for People with Dev.al Disabilities (Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO)


2021 NY Slip Op 02579


Decided on April 29, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 29, 2021

531029
[*1]In the Matter of the Arbitration between New York Office for People with Developmental Disabilities, Respondent, and Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, et al., Appellants.

Calendar Date:March 16, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.

Daren J. Rylewicz, Civil Service Employees Association, Inc., Albany (Scott Lieberman of counsel), for appellants.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondent.



Lynch, J.
Appeal from an order of the Supreme Court (Ferreira, J.), entered February 6, 2020 in Albany County, which granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.
On April 20, 2018, petitioner issued a notice of suspension and a notice of discipline to an employee, respondent Chad Dominie, advising of his immediate suspension, without pay, based on various disciplinary charges related to sexual harassment in the workplace. The notices specified that petitioner was seeking a penalty terminating Dominie's employment. The matter proceeded to arbitration pursuant to a collective bargaining agreement (hereinafter CBA) between petitioner and respondent Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO (hereinafter CSEA) — the collective bargaining representative for certain of petitioner's employees, including Dominie.
Following a hearing, in a "Decision and Award" dated July 16, 2019, the arbitrator sustained four of the 13 charges and determined that there was probable cause for the interim suspension. The arbitrator found that certain mitigating factors warranted a penalty less than termination. Noting that Dominie was a 20-year employee without a prior disciplinary record, that the coworker who had been sexually harassed no longer worked in the office and that the office lacked proper supervision, the arbitrator found that a suspension without pay until Dominie "returned to active employment" was the "appropriate penalty." The arbitrator cautioned that her decision "serve[d] as a final warning to [Dominie] that any repeat of offending conduct will most surely result in his termination." The arbitrator further directed that Dominie was "to be returned to work as soon as practicable."
Petitioner commenced this CPLR article 75 proceeding seeking to vacate the award, contending that the penalty was against public policy. After issue was joined, Supreme Court granted the petition, vacated the award and remitted the matter for the imposition of a new penalty before a new arbitrator. Respondents appeal.
The core issue presented is whether the arbitrator's award violated established public policy considerations prohibiting sexual harassment in the workplace. As Supreme Court duly recognized, it is manifest that there is a strong public policy under both state and federal law that prohibits sexual misconduct in the workplace (see Newsday Inc. v Long Island Typographical Union No. 915, CWA, AFL-CIO, 915 F2d 840, 844-845 [1990], cert denied 499 US 422 [1991]; Matter of New York City Tr. Auth. v Phillips, 162 AD3d 93, 97 [2018], lv dismissed 31 NY3d 1139 [2018]; Matter of Phillips v Manhattan & Bronx Surface Tr. Operating Auth., 132 AD3d 149, 155 [2015], lv denied 27 NY3d 901 [2016]). A court may vacate an arbitrator's award only on grounds stated in CPLR 7511 (b), which include an instance where an arbitrator "exceed[s] his [or her] power" (CPLR 7511 [b] [1] [iii]) by rendering an award that [*2]violates a strong public policy (see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]). This limited public policy exception pertains "only when 'public policy considerations, embedded in statute or decisional law, prohibit, in an absolute sense, certain relief being granted by an arbitrator. Stated another way, the courts must be able to examine the award on its face without engaging in extended factfinding, or legal analysis, and conclude that public policy precludes its enforcement'" (Matter of Bukowski [State of N.Y. Dept. of Corr. & Community Supervision], 148 AD3d 1386, 1388 [2017], quoting Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO, 99 NY2d 1, 7 [2002] [emphases, ellipses and brackets omitted]). This inquiry necessitates that we gauge the penalty against the sustained charges.
The arbitrator sustained charges 1, 4, 5 and 10, covering incidents from January 2017 to October 2017 in which Dominie was found to have sexually harassed a female coworker. Specifically, in the first January 2017 incident, Dominie approached the coworker from behind while she was on the phone, reached down her shirt and cupped her breast. A separate incident occurred that month when, among other things, Dominie tackled the coworker on a couch, grabbed her wrist and slapped her thigh. He also put a fake rat on her desk when she reported the incident to a supervisor. In this regard, the arbitrator credited the coworker's testimony that a supervisor's meeting ensued during which Dominie promised to stop his misbehavior. He failed to do so. In July 2017, Dominie lifted the coworker's dress with a hammer, exposing her underpants, blocked her from leaving her cubicle while exposing his penis, and lifted her shirt over her head. His conduct culminated with an incident in October 2017, when Dominie straddled the coworker at her desk and, utilizing vulgar language, threatened to "take" what he wanted. The coworker testified that she feared an imminent rape. Her complaint about this last incident prompted an investigation and the ensuing disciplinary charges. The coworker also filed criminal charges against Dominie, resulting in his plea of guilty to harassment in the second degree.
The findings of the arbitrator are not challenged on this appeal, only the penalty. Under article 33.4 (g) of the CBA, the arbitrator's decision as to a penalty "shall be final and binding upon the parties" and the arbitrator is authorized to "take any . . . appropriate action warranted under the circumstances including . . . ordering reinstatement and back pay for all or part of any period of suspension without pay." Respondents maintain that the arbitrator acted within her broad authority under the CBA to impose an extended suspension without pay and reinstatement given Dominie's lack of a prior disciplinary record. Notwithstanding this contractual authority, petitioner contends [*3]that the arbitrator's direct reinstatement of Dominie without conditions violates the public policy against sexual harassment. It is worth noting here that petitioner is not asserting a per se rule that termination is mandatory upon a finding of sexual misconduct. In fact, petitioner's own policy against sexual harassment states that "[v]iolations of this [p]olicy may result in disciplinary action."
In Newsday Inc. v Long Island Typographical Union No. 915, CWA, AFL-CIO (915 F2d at 844-845), the Second Circuit held that an arbitral award was properly vacated under the public policy exception where an arbitrator reinstated a terminated employee who had engaged in multiple acts of sexual harassment. The employee in Newsday had previously been disciplined for such conduct and warned, as here, that similar future conduct would warrant immediate discharge (see Newsday Inc. v Long Island Typographical Union No. 915, CWA, AFL-CIO, 915 F2d at 843-845). By comparison, 30 years later, in Barnard College v Transport Workers Union of America, AFL-CIO, Local 264 (801 Fed Appx 40, 2020 US App LEXIS 12018 [2d Cir 2020]), the Second Circuit upheld an arbitral award suspending an employee without pay for approximately one year and directing his reinstatement. Distinguishing Newsday, the Second Circuit emphasized that the employee "was being punished for only a single act, and public policy does not counsel as strongly against deference to the arbitral award" (id. at 42).
We are mindful that, unlike the employee in Newsday, Dominie does not have a disciplinary history. That said, the situation here does not involve a single act of misconduct as in Barnard College. In defined contrast, we have a series of four separate, escalating and outrageous sexual harassment incidents. The events are particularly troublesome considering that Dominie engaged in annual sexual harassment training since 2013 and, when confronted by his supervisors after the two January 2017 incidents, promised not to re-offend. The events that followed were even more egregious and rise to the level of criminal conduct, as memorialized in Dominie's guilty plea to the harassment charge. Given the extremely inappropriate nature of Dominie's conduct, we conclude that the arbitrator's decision violates public policy. The award fails to account for the rights of other employees to a non-hostile work environment and conflicts with the employer's obligation to eliminate sexual harassment in the workplace (see Newsday Inc. v Long Island Typographical Union No. 915, CWA, AFL-CIO, 915 F2d at 845; Matter of New York City Tr. Auth. v Phillips, 162 AD3d at 99-100). The fact that the victimized coworker no longer worked in the office is hardly a mitigating factor. Nor is the penalty consistent with the arbitrator's "significant concern" that Dominie failed to acknowledge his own wrongdoing. As such, we find that Supreme Court properly vacated the award as violative of the public policy prohibiting [*4]sexual harassment. We also conclude that the court was authorized to remit the matter to a different arbitrator for the imposition of a new penalty (see CPLR 7511 [d]).
Egan Jr., J.P., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.