Matter of Kohn (Waverly Homes Dev. LLC) (2022 NY Slip Op 02177)





Matter of Kohn (Waverly Homes Dev. LLC)


2022 NY Slip Op 02177


Decided on March 31, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 31, 2022

533674
[*1]In the Matter of the Arbitration between Yehuda Kohn et al., Appellants, and Waverly Homes Development LLC et al., Respondents.

Calendar Date:February 17, 2022

Before:Garry, P.J., Lynch, Pritzker, Colangelo and McShan, JJ.

Law Offices of Michael Mullen, New York City (Leopold Gross of counsel), for appellants.
Yisroel Schulman, New York City, for respondents.



Pritzker, J.
Appeal from an order of the Supreme Court (Schick, J.), entered July 12, 2021 in Sullivan County, which, among other things, denied petitioners' application pursuant to CPLR 7511 to confirm an arbitration award.
Petitioners own condominiums in Waverly Gardens Development, located in Sullivan County, and, together, they comprise the Board of Managers of Waverly Gardens. Respondent Waverly Homes Development LLC is the sponsor of Waverly Gardens. As relevant here, Waverly Gardens' purchasers signed agreements at their closings holding a certain amount in escrow to pay for repairs (hereinafter the escrow agreement). The escrow agreement contains a "punch list" of seven conditions that were in need of repair and for which escrow funds could be disbursed. According to the escrow agreement, any disagreement among the parties to the agreement "shall" be resolved by Shlomo Bistritzky. In July 2018, respondent Eli Katz, the president of Waverly Homes Development LLC, requested to disburse escrow funds on punch list work purportedly completed, and petitioners objected. Pursuant to the escrow agreement, Katz met with Bistritzky, who declined to address the dispute and referred them to Moshe Bergman (hereinafter the arbitrator) — a rabbi — for arbitration by a Beth Din.[FN1] Katz and petitioners executed an arbitration agreement in August 2018.[FN2]
Thereafter, the first of at least three — up to possibly five or six — arbitration hearings occurred. The parties dispute what transpired at the hearings, and there are no transcripts. During the first arbitration hearing, petitioners introduced a claim for repairs already made to the women's swimming pool, as well as an attached kids' pool, and an amount for anticipated repairs to the men's pool. The pools had fallen into disrepair in the winter of 2017 to 2018, which, according to an email from the pools' designer, was attributable to shoddy construction by the contractor employed by the sponsor. Katz objected to the arbitrability of the pool repairs as they were not included in the punch list items in the escrow agreement. Katz also objected to the arbitrator's authority under Jewish law to resolve any dispute outside the escrow agreement, which, in Katz's view, required a three-person panel, called a Din Torah.[FN3] At the second arbitration hearing, Katz renewed his prior objections to the arbitration and then attempted to introduce a report by John Fuller, a certified engineer, to rebut petitioners' claim that the damage was caused by construction. The arbitrator rejected that report. Katz attended the third arbitration hearing, after which he ceased attending. In February 2020, the arbitrator awarded petitioners a total of $192,645.64 for repairs to the pools. The award was to be paid by Katz, "who personally signed his name." The arbitrator's award was addressed only to the amount that Katz was required to pay for the pool repairs, and all other issues purportedly raised during the arbitration were [*2]sent to a new panel for resolution.[FN4]
Petitioners thereafter commenced the instant proceeding pursuant to CPLR 7511 to confirm the arbitration award, and respondents moved to vacate the award and dismiss the petition. Following extensive motion practice, two days of oral arguments were held. Ruling from the bench, Supreme Court denied petitioners' application to confirm the award, granted respondents' motion to vacate it and sent the dispute to a mutually agreeable arbitration panel. To justify its ruling, the court noted the lack of an arbitration transcript, cited the purported failure of the parties to agree to the topic of the arbitration and the arbitrator's rejection of Fuller's report. The court's ruling was subsequently reduced to an order. Petitioners appeal.[FN5]
Petitioners contend that Katz waived his ability to challenge the arbitrability of the pool issue by participating in the arbitration proceeding. It is well settled that "[a] party who actively participates in arbitration without seeking a stay pursuant to CPLR 7503 (b) waives the right to a judicial determination of the arbitrability of the dispute" (Matter of Jandrew [County of Cortland], 84 AD3d 1616, 1617 [2011]; see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 78 [2003]). There is no dispute that Katz participated in the first three arbitration hearings, at the second of which he attempted to submit Fuller's report to address the issue regarding the swimming pools and, after the rejection of the report, he orally argued his position. The record is devoid of any request for a stay of any kind. Thus, Katz's participation foreclosed respondents' attack on the arbitrability of the pool repairs (see Matter of Jandrew [County of Cortland], 84 AD3d at 1618; compare Matter of New York State Dept. of Corr. Servs. [New York State Corr. Officers & Police Benevolent Assn., Inc.], 100 AD3d 1066, 1068 [2012]), and Supreme Court erred by granting respondents' motion and vacating the award on the basis that the parties did not agree to arbitrate the issue regarding the swimming pools.[FN6]
Petitioners also argue that Supreme Court erred in vacating the arbitration award based on the arbitrator's exclusion of Fuller's report. "A court may vacate an arbitrator's award only on grounds stated in CPLR 7511 (b)" (Matter of New York Off. for People with Dev. Disabilities [Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO], 193 AD3d 1305, 1307 [2021] [citation omitted]), which includes "prejudicial misconduct by the arbitrator" (Matter of Professional Staff Congress/City Univ. of N.Y. v Board of Higher Educ. of City of N.Y., 39 NY2d 319, 323 [1976]; see CPLR 7511 [b] [1] [i]). "One form of misconduct is the refusal to hear pertinent and material evidence" (Matter of Professional Staff Congress/City Univ. of N.Y. v Board of Higher Educ. of City of N.Y., 39 NY2d at 323 [citations omitted]; see Matter of [*3]State of N.Y. Off. of Mental Health [New York State Correctional Officers & Police Benevolent Assn., Inc.], 46 AD3d 1269, 1270-1271 [2007], lv dismissed 10 NY3d 826 [2008]). Even where an arbitrator rejects such evidence, the party seeking vacatur must "show by clear and convincing evidence that it had been deprived of a fundamentally fair hearing" (Matter of Stolthaven Perth Amboy, Inc. v JLM Mktg., Inc., 47 AD3d 414, 415 [2008]; see Kaminsky v Segura, 26 AD3d 188, 189 [2006]).
At the arbitration hearing, petitioners submitted an April 2018 email from John Petroccione, who designed the pools, opining that the pools were not properly constructed, which led to damage. A review of Fuller's report demonstrates that, based on his observations from site visits in the spring and summer of 2018, as well as discussions with residents, he opined that failure to winterize damaged the pipes at the women's pool — in other words, a failure of maintenance, not construction. In support of their request to vacate the arbitration award, respondents also included a document submitted by petitioners to the arbitrator, purportedly showing that Waverly Gardens spent $129,447.43 to repair the women's pool. In opposing respondents' request to vacate the award, petitioner Yehuda Kohn averred that, at the second hearing, petitioners objected to Fuller's report because Fuller "did not physically inspect the pools prior to issuing his report." With all parties present, the arbitrator phoned Fuller, who confirmed that he had not done work on the pools since August 2018 and he did not inspect the pools prior to writing the report. In his decision, the arbitrator did not cite Petroccione's email, but noted that he "examin[ed] the matters with professional experts" and "personally visited the location."
Although presenting a close question, we do not find that respondents met their burden. Initially, there is no question that Fuller's report was material and pertinent to whether respondents were accountable for the damage to the pools through shoddy construction, at least with respect to the damaged pipes. Although the parties' experts were largely consistent in assessing the damage surrounding the pools, Fuller went further by opining as to the cause of the damaged pipes — an issue that Petroccione did not address. However, through Katz's testimony and other evidence, the arbitrator could have ascertained what the excluded report would have revealed — i.e., that poor maintenance, rather than construction defects, caused the pool pipes to freeze and break (see generally Matter of Janis v New York State Div. of Hous. & Community Renewal, 271 AD2d 878, 879-880 [2000]). Indeed, the awards in excess of $90,000 for each of the pools are substantially less than the documented $129,447.43 cost for the women's pool repairs, suggesting that the arbitrator found that some portion of the repair costs could not be attributed to respondents. Given the foregoing, respondents did [*4]not prove by clear and convincing evidence that the exclusion of Fuller's report, although not the optimal procedure, resulted in a fundamentally unfair hearing (see Matter of Stolthaven Perth Amboy, Inc. v JLM Mktg., Inc., 47 AD3d at 415; Kaminsky v Segura, 26 AD3d at 189). Thus, Supreme Court erred to the extent that it vacated the award on this ground.
We also agree with petitioners' contention that respondents failed to prove by clear and convincing evidence that the arbitrator's award was irrational. "To vacate an award on the basis of irrationality, a party must show that there was no proof whatever to justify the award" (Matter of Eastman Assoc., Inc. [Juan Ortoo Holdings, Ltd.], 90 AD3d 1284, 1285 [2011] [internal quotation marks and citations omitted]). Given that documentation detailing the expenditures to repair the women's pool was submitted, although the sum awarded does not precisely match that amount, we cannot say that it is irrational (see Matter of Dutchess Bldg. Renovations v Immerblum, 198 AD2d 413, 414 [1993]; Matter of Reddick & Sons of Gouverneur v Carthage Cent. School Dist. No. 1, 91 AD2d 1182, 1182 [1983]).
Finally, we also agree with petitioners that respondents failed to establish that the arbitrator was biased inasmuch as respondents' "speculative allegations do not provide clear and convincing evidence of bias" (Matter of Eastman Assoc., Inc. [Juan Ortoo Holdings, Ltd.], 90 AD3d at 1286; see Fleury v Amedore Homes, Inc., 107 AD3d 1088, 1089 [2013]). We have reviewed respondents' alternative ground for affirmance and find it to be without merit.
Garry, P.J., Lynch, Colangelo and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, petitioners' application to confirm granted and respondents' motion to vacate denied.



Footnotes

Footnote 1: A Beth Din is a "religious tribunal that adjudicates disputes according to Jewish law and custom" (Matter of Meisels v Uhr, 79 NY2d 526, 531 [1992]).

Footnote 2: Katz, whose "native tongue" is Yiddish, allegedly possesses practically nonexistent English reading skills and did not comprehend the agreement.

Footnote 3: A Din Torah is a "tribunal composed of three rabbis rendering a determination of disputes in strict accordance with Jewish Law" (Berman v Shatnes Lab., 43 AD2d 736, 737 [1973]).

Footnote 4: The record is unclear as to what other issues were discussed.

Footnote 5: Petitioners moved for a stay pending appeal, which motion this Court denied (2021 NY Slip Op 71854[U]).

Footnote 6: Respondents' assertions to the contrary, including that Katz was fraudulently induced to sign the arbitration agreement, must fail as, in reality, they are arguments regarding the arbitrability of the pool issue, which must also fail (see Matter of Elmira Hgts. Cent. School Dist. [Elmira Hgts. Educ. Support Staff Assn.], 250 AD2d 983, 984 [1998], lv denied 92 NY2d 807 [1998]).