Matter of Spence (New York State Dept. of Corr. & Community Supervision) (2025 NY Slip Op 04135)

Matter of Spence (New York State Dept. of Corr. & Community Supervision)

2025 NY Slip Op 04135

Decided on July 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 10, 2025

CV-24-0628
[*1]In the Matter of the Arbitration between Wayne Spence, as President of the New York State Public Employees Federation, AFL-CIO, et al., Appellants, and New York State Department of Corrections and Community Supervision et al., Respondents.

Calendar Date:May 28, 2025

Before:Aarons, J.P., Lynch, Ceresia, McShan and Powers, JJ.

Edward J. Greene Jr., New York State Public Employees Federation, AFL-CIO, Albany (Andrienne C. Cloran of counsel), for appellants.
Letitia James, Attorney General, Albany (Joseph M. Spadola of counsel), for respondents.

Aarons, J.P.
Appeal from an order of the Supreme Court (David Weinstein, J.), entered February 28, 2024 in Albany County, which, among other things, partially denied petitioners' application pursuant to CPLR 7510 to confirm a supplemental arbitration award.
Respondent Department of Corrections and Community Supervision (hereinafter DOCCS) issued a notice of suspension and discipline to petitioner Kimberly Williams, a parole officer employed by DOCCS, based upon reports that, in November 2017, she falsely held herself out as a police officer, executed an unauthorized traffic stop and arrested a motorist without cause. Following an investigation, DOCCS preferred 15 charges of misconduct against Williams, who then grieved the notice pursuant to the collective bargaining agreement between DOCCS and the Public Employees Federation, Williams' collective bargaining unit. Following an arbitration hearing, the arbitrator found that Williams pursued, stopped and arrested the motorist without cause or authority because the motorist honked and flipped her middle finger at Williams, who was sitting in her double-parked, unmarked State-issued vehicle with her child while on duty. In so finding, the arbitrator rejected Williams' version of the incident as not credible. Accordingly, the arbitrator found that DOCCS proved the seven misconduct charges arising from the incident and declined to decide the remaining eight charges stemming from allegedly inaccurate timesheets and vehicle logs. After reviewing Williams' personnel record, the arbitrator offered Williams a choice of penalties: (A) no reinstatement with an award of some back pay; or (B) reinstatement with no back pay for the 14-month suspension, loss of eight months of accruals, and completion of a five-day course on the use of force or anger management. Petitioner chose the latter option, but DOCCS refused to reinstate her.
Williams then commenced a proceeding to confirm the award, and respondents cross-moved to vacate so much of the award as assumed — rather than found — that Williams was not responsible for charges 8 through 15 and as imposed the penalty, arguing that Williams' reinstatement violated public policy. Supreme Court (Platkin, J.) granted respondents' cross-motion, concluding that strong public policies against unauthorized use of force, unlawful arrests and impersonating a police officer could not be reconciled with an award reinstating Williams. This Court affirmed the court's order partially vacating the award without reaching the merits of respondents' public-policy argument, reasoning that the arbitrator should determine the outstanding misconduct charges first (Matter of Williams [New York State Dept. of Corr. & Community Supervision], 200 AD3d 1422, 1424-1425 [3d Dept 2021]). On remittal, the arbitrator found Williams not guilty of charges 8 through 15 in a supplemental award and issued the same penalty options, Williams chose reinstatement again, and DOCCS again refused to reinstate her.
Petitioners [*2]then commenced this proceeding to confirm the supplemental award. Respondents joined issue and cross-moved to, among other things, vacate the penalty as against public policy. Supreme Court (Weinstein, J.) agreed with respondents, vacated the penalty and remitted the matter to a new arbitrator for a different penalty. Petitioners appeal.
"A court may vacate an arbitrator's award only on grounds stated in CPLR 7511 (b)" (Matter of New York Off. for People with Dev. Disabilities [Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO], 193 AD3d 1305, 1307 [3d Dept 2021]; see Matter of Eastman Assoc., Inc. [Juan Ortoo Holdings, Ltd.], 90 AD3d 1284, 1284 [3d Dept 2011]). Among other circumstances, vacatur is permitted where an arbitrator directs an award that "violates a strong public policy" (Matter of County of Albany [Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Albany County Local 801], 215 AD3d 1036, 1038 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [New York State Police], 230 AD3d 939, 940 [3d Dept 2024]). An arbitration award may only be vacated on public policy grounds "where a court can conclude, without engaging in any extended factfinding or legal analysis [(1)] that a law prohibits, in an absolute sense, the particular matters to be decided, or [(2)] that the award itself violates a well-defined constitutional, statutory or common law of this State" (Matter of Jandrew [County of Cortland], 84 AD3d 1616, 1618-1619 [3d Dept 2011] [internal quotation marks, brackets and citations omitted]; see Matter of Bukowski [State of N.Y. Dept. of Corr. & Community Supervision], 148 AD3d 1386, 1388 [3d Dept 2017]). As there is no contention that the law prohibited the arbitrator from deciding Williams' guilt and penalty under the CBA, our inquiry focuses on whether "the final result creates an explicit conflict with other laws and their attendant policy concerns" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 327 [1999]).
Respondents have not demonstrated such a conflict exists between constitutional, statutory and decisional law and the result of the award — reinstating Williams after a 14-month unpaid suspension, partial loss of accruals and completion of a five-day training (compare Matter of Civil Serv. Empls. Assn., A.F.S.C.M.E. Local 1000, A.F.L.-C.I.O. v Nassau Healthcare Corp., 188 AD3d 1043, 1046 [2d Dept 2020]; see generally Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d at 327). In this regard, respondents point to provisions in the US and NY Constitutions that protect against unreasonable searches and seizures and excessive force (see US Const 4th Amend; NY Const, art I, § 12), along with Penal Law provisions criminalizing unlawful imprisonment and the impersonation of a public servant (see Penal Law §§ 135.00, 135[*3].35, 190.25 [3]). Respondents also provide case law describing the "public's right to rest assured that its officers are individuals of moral integrity in whom they may, without second thought, place their confidence and trust" (Matter of Toro v Malcolm, 44 NY2d 146, 152 [1978], cert denied 439 US 837 [1978]). Each of these legal authorities, however, sets out generally applicable law and, consequently, the public policy considerations each authority embodies are too general to support vacating the arbitrator's penalty (see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO, 99 NY2d 1, 12 [2002]; see also Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d at 327). Furthermore, respondents have not articulated a strong, well-defined public policy against the award that their "constellation" of constitutional provisions, statutes and decisional law embodies (Matter of Bukowski [State of N.Y. Dept. of Corr. & Community Supervision], 148 AD3d at 1389; compare Matter of New York Off. for People with Dev. Disabilities [Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO], 193 AD3d at 1309; Matter of State Univ. of N.Y. v Young, 170 AD2d 510, 511-12 [2d Dept 1991], lv dismissed 78 NY2d 908 [1991], cert denied 506 US 1035 [1992]).
Respondents also rely upon DOCCS rules and directives that prohibit an employee from misrepresenting his or her official status; forbid a DOCCS peace officer from using emergency lights and sirens on a State-issued vehicle for the sole purpose of enforcing the Vehicle and Traffic Law; and limit a parole officer's ability to use physical force during warrantless arrests to certain circumstances. Although the arbitrator found that Williams broke these rules, respondents have not shown that those rules are connected to a well-defined public policy, as set out in statutory and decisional law, that is irreconcilable with the arbitration award (see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d at 328; Matter of Selman v State of New York Dept. of Correctional Servs., 5 AD3d 144, 144-145 [1st Dept 2004]; compare Matter of Livermore-Johnson [New York State Dept. of Corr. & Community Supervision], 155 AD3d 1391, 1396-1397 [3d Dept 2017]; Matter of Bukowski [State of N.Y. Dept. of Corr. & Community Supervision], 148 AD3d at 1389; Matter of Phillips v Manhattan & Bronx Surface Tr. Operating Auth., 132 AD3d 149, 155-156 [1st Dept 2015], lv denied 27 NY3d 901 [2016]).
As respondents have not met their "very heavy burden" in seeking to judicially overturn the arbitrator's award on public policy grounds (Matter of Phillips v Manhattan & Bronx Surface Tr. Operating Auth., 132 AD3d at 152), we are constrained to confirm the award. Petitioners' remaining contentions are academic, and respondents' contentions have been reviewed and deemed unavailing.
Lynch, Ceresia, McShan and Powers, JJ., concur[*4].
ORDERED that the order is reversed, on the law, with costs, cross-motion denied, petition granted and supplemental arbitration award confirmed.