■ Jerome Cook et al., Appellants, v Charles Mishkin et al., Respondents. — Order of the Supreme Court, New York County (Richard Lane, J.), entered on November 29, 1982, denying petitioners' motion to renew, incorrectly designated as one to "resettle" the order and judgment entered on March 12, 1982, unanimously reversed, on the law and facts, without costs, the motion to renew is granted and upon renewal, the sixteenth decretal paragraph of the order and judgment entered on March 12, 1982 is restored to said order and judgment with the exception of the word "permanently" of the fifth line of said decretal paragraph. Appellants and respondents were parties to an arbitration conducted before a panel of three arbitrators in June, 1980, March and April, 1981. This was under an arbitration clause in an agreement among the stockholders of respondent 99-105 Third Avenue Holding Corp., a close corporation organized by petitioner Jerome Cook and respondent Charles Mishkin. The stock is now held 50% by appellants Cook and 50% by respondents Mishkin. The sole asset of the corporation is a row of buildings in which the Cooks and Mishkins occupy separate space. The only corporate function is to own and maintain the property. One aspect of the dispute submitted to arbitration involved the signing of checks issued by the 99-105 Third Avenue Corporation. The arbitration made the following award with respect thereto: "7. (a) Jerome Cook and a person designated by the Mishkins shall jointly act on behalf of 99-105 without limiting the foregoing, to preserve its assets, to manage its affairs, to maintain its books, records, and bank account, to collect and deposit rents and adjust the amount of additional rents as may be required to cover 99-105's operating expenses, to make and contract for ordinary purchases, services, repairs and maintenance, to make payments of operating expenses, including without limiting the foregoing, taxes, water and sewer charges, permits, mortgage interest and amortization, fuel and utilities, insurance premiums, fees, and the costs of repairs and maintenance provided that in the absence of an agreement to the contrary, the determination of Jerome Cook as to any operations matter required to preserve the assets of 99-105 shall be binding upon 99-105. (b) The resolution of the Board of Directors of 99-105 and signature card authorizing the Amalgamated Bank (the 'Bank') to honor

checks of 99-105 signed by any two from among JEROME COOK, CHARLES MISHKIN and ELIOT MISHKIN is declared null and void, and it is declared that, except as set forth in subparagraph (c) of this paragraph, no check of 99-105 shall be valid unless executed by both a nominee of JEROME COOK and a nominee of the MISHKINS. (c) MISHKINS are enjoined and directed to cause ELIOT MISHKIN to sign and return to JEROME COOK all checks of 99-105 presented for signature within three days of such presentation (not including Saturdays, Sundays or legal holidays of the United States or the State of New York); (d) In the event of the failure of the MISHKINS to comply with subparagraph (b) of this paragraph, they are enjoined from objecting that a check of 99-105 does not bear two signatures; (e) The bank shall be promptly advised of the foregoing." On the petitioners-appellants' motion to confirm the award and respondents' cross motion to vacate, Special Term confirmed the award in all respects. The judgment as settled by the appellants was signed by the court and tracked the arbitrators' award except that the sixteenth decretal paragraph was stricken by the court. That paragraph provided: "ADJUDGED, DECLARED AND DECREED, that in the event of the failure of the Mishkin Respondents to comply with the provisions of the Fifteenth decretal paragraph of this Judgment, they are permanently enjoined from objecting that a check of Respondent 99-105 Third Avenue Holding Corp. does not bear two signatures". Upon the motion to "resettle," the appellants offered new additional facts not contained in the original motion to confirm the award. In substance, they contended that the motion to "resettle" was actually a motion to renew. These new facts included material tending to show that the Mishkins were still refusing to cosign checks within three business days of presentation for signature, contrary to paragraph 7 (c) of the award and paragraph 15 of the judgment. In determining whether an order is appealable, a court will look to the true nature of the motion upon which the order was made and not the label which is placed on the notice of motion (*Thornlow v Long Is. R. R. Co.*, 33 AD2d 1027; *Firedoor Corp. of Amer. v Reliance Elec. Co., Haughton Elevator Div.*, 56 AD2d 523). Arbitrators, such as in this case, have broad power to do justice and fashion appropriate remedies, and may even grant relief which a court would not (*Matter of SCM Corp. [Fisher Park Lane Co.]*, 40 NY2d 788, 793). Their function is to find a just solution to the controversy between the parties, and to that end it will be for them to "fashion the remedy appropriate to the wrong" (*Matter of Paver & Wildfoerster [Catholic High School Assn.]*, 38 NY2d 669, 677). The arbitrators' award, paragraph 7 (d) thereof (as encompassed in paragraph 16 of the judgment), was not totally irrational. It was clearly fashioned to permit the corporation to issue negotiable checks with which to pay bills, so as to avoid the constant state of default under its mortgage and other essential payments that the Mishkins allegedly created by their refusal to sign checks. Paragraph 7 (d) does not in any way predetermine the propriety of any payment which the Mishkins could challenge in an appropriate proceeding, and their right to do so is not limited by the paragraph. Special Term erred in striking this provision from the judgment and in finding that contempt proceedings were an adequate remedy in place of the remedy expressly granted by the arbitrators. It would be entirely impractical, expensive and time consuming to require appellants to institute contempt proceedings to enable the corporation to pay its routine and ongoing expenses. The arbitrators, who heard all the testimony and saw the documentary evidence, decided that the Mishkins were delaying the payment of expenses, and thus the remedy they fashioned is appropriate to the dispute. The Mishkins should be required to bear the burden of instituting proceedings if they object to the propriety of any check. Since the award of the arbitrator does not contain the qualifying word "permanently," we have stricken it so

that the judgment may conform to the award. In view of the disposition herein, the motion by respondents to dismiss the appeal as one from a nonappealable order is denied. Concur — Sandler, J. P., Carro, Asch, Fein and Alexander, JJ.