■ In the Matter of the Arbitration between ANTIQUE RUG DEALERS ASSOCIATION, by Its President, B.J. CHAFIIAN, on Behalf of Its Members, Respondents, and BEHNAM BEN HAKIMIAN et al., Appellants, et al., Respondents. [620 NYS2d 50] —Order and judgment (one paper), Supreme Court, New York County (Martin Stecher, J.) entered June 27, 1994, which, after a hearing, granted the petition to confirm an arbitration award, and directed the issuance of certain stock and a reduction of rent to certain subtenants of respondent New York Oriental Rug Trade Center, with related relief, unanimously affirmed, with costs.

Respondents-appellants' contention that the arbitrators improperly rendered an award because not all necessary parties were party to the arbitration is without merit. The statutory grounds for vacatur of an award are the only permissible grounds *(see, Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582).

The arbitrators did not exceed their power *(see,* CPLR 7511 [b]). The arbitrators "have broad power to do justice and fashion appropriate remedies, and may even grant relief which a court would not" *(Cook v Mishkin,* 95 AD2d 760, 761). Further, there is no indication that the non-parties were denied an opportunity to participate, and no indication that the respondents-appellants were prejudiced by their exclusion. Thus, the failure to join those claimed to be necessary parties

was "not fatal to the award" *(Matter of Condell [Shanker],* 151 AD2d 798, 801, *lv dismissed and denied* 75 NY2d 896).

We have considered the respondents-appellants' remaining arguments, and find them to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Tom, JJ.