■ In the Matter of the Arbitration between CHAINDOM ENTERPRISES, INC., et al., Appellants, and FURGANG & ADWAR, L.L.P., Respondent. [781 NYS2d 504]—

Order, Supreme Court, New York County (Lewis Bart Stone, J.), entered April 25, 2003, which, to the extent appealed from, granted respondent's cross motion to vacate that part of the award that declined to award interest and collection costs and remanded those issues to the arbitrator, unanimously reversed, on the law, with costs, and the cross motion denied.

We find no basis for vacatur of the portion of this arbitration award denying respondent collection costs and interest. The award did not violate strong public policy, was not irrational, and did not clearly exceed a specific limitation on the arbitrator's power (*see Matter of United Fedn. of Teachers Local 2, AFT, AFL-CIO v Board of Educ.*, 1 NY3d 72, 79-80 [2003], citing *Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37 [1991]). The alleged failures to enforce the retainer agreement's arbitration provision, which made New York law applicable, and its collection costs provision, if true, would be mere errors of law, not violations of public policy (*see Matter of Silverman [Benmor Coats, Inc.]*, 61 NY2d 299, 308 [1984]; *Merrill Lynch, Pierce, Fenner & Smith, Inc. v Benjamin*, 1 AD3d 39, 43 [2003]). "Even where the arbitrator makes a mistake of fact or law, or disregards the plain words of the parties' agreement, the award is not subject to vacatur 'unless the court concludes that it is totally irrational or violative of a strong public policy' and thus in excess of the arbitrator's powers" (*Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 155 [1995]). Nor does the motion court's discerned public policy against clients' exploitation of billing arrangements for legal fees meet the two-pronged criterion for a violation sufficient to disturb an arbitral award, since a court cannot conclude, without extensive fact finding or legal analysis, that a law absolutely prohibits such conduct, and since the arbitrator's award did not violate any well-defined constitutional, statutory or common law of this state (*Matter of United Fedn. of Teachers*, 1 NY3d at 80).

The award was not irrational. Respondent law firm failed to correct the invoice at issue in the arbitration until it was compelled, more than a year after the demand was filed and after proceedings were commenced, by an audit conducted by petitioner client's insurer. The overages included a failure to

credit the original retainer and a substantial double billing of disbursements. Inasmuch as an arbitrator generally has broad, equitable powers to do justice and fashion a remedy (*see Matter of Silverman [Benmor Coats, Inc.], supra*; *Cook v Mishkin*, 95 AD2d 760, 761 [1983]), it was not irrational under such circumstances to deny collection costs and interest. Similarly, despite the absence of a "prevailing party" provision in the retainer agreement, it would be proper for the arbitrator to take into account that respondent recovered less than 60% of its claim and that the invoice amount was reduced by approximately $20,000. It also would be proper for the arbitrator to consider the fact that the collection costs sought in this relatively straightforward collection case represented a significant multiple of the total amount awarded.

The award did not exceed a specific limitation on the arbitrator's power, since the arbitration clause contained no such limiting provision expressly directed to the arbitrator's powers (*see Matter of Silverman [Benmor Coats, Inc.]*, 61 NY2d at 307; *Matter of Port Auth. Police Benevolent Assn. [Port Auth. of N.Y. & N.J.]*, 235 AD2d 359 [1997]). Lastly, there is no merit to the contention that the arbitrator imperfectly executed his power such that "a final and definite award upon the subject matter submitted was not made" (CPLR 7511 [b] [1] [iii]). The arbitrator specifically ruled on the matter and expressly declined to award "attorney fees, interest or any other legal fees or costs of collection or defense for the Arbitration." Concur—Saxe, J.P., Sullivan, Williams, Friedman and Marlow, JJ.