■ THOMAS P. IVANYI, Appellant, v MARLIN S. POTASH, Respondent. [927 NYS2d 323]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered June 8, 2010, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion to vacate, in part, an arbitration award, unanimously affirmed, without costs.

Plaintiff seeks to vacate the portions of the arbitration award that rejected his claims for $54,992, for his contribution to the closing costs on the marital home, and $113,867, for payments he allegedly made in excess of his obligation, pursuant to the parties' prenuptial agreement, with respect to the mortgage on the marital home. He contends that the arbitrators' failure to award him these amounts renders the award not final and definite (see CPLR 7511 [b] [1] [iii]). The record shows that the arbitrators specifically identified the issues of plaintiff's financial interest in the marital residence and whether he made excess mortgage payments, evaluated the evidence presented at the hearing, and expressly declined to award the amounts plaintiff sought. Thus, there is no basis for a conclusion that the award was not final and definite (see Matter of Chaindom Enters., Inc. [Furgang & Adwar, L.L.P.], 10 AD3d 495, 497 [2004], lv denied 4 NY3d 709 [2005]).

Moreover, the award cannot be vacated because there exists a plausible basis for it (see Matter of Brown & Williamson Tobacco Corp. v Chesley, 7 AD3d 368 [2004]). The prenuptial agreement provided that plaintiff would contribute $220,000 in cash at the closing on the parties' cooperative apartment. The agreement further provided, in a separate and independent provision, that if a marital action was commenced plaintiff would be paid $220,000 to relinquish his interest in the apartment. Notwithstanding that plaintiff contributed only $54,992 toward the $2 million purchase price, the arbitrators awarded him $220,000 for his interest in the apartment, in accordance with the agreement.

The agreement provided that plaintiff would make mortgage payments based on the $600,000 debt initially agreed to. However, at the time of the closing, the parties jointly assumed a $750,000 mortgage. The arbitrators rejected plaintiff's claim that he was obligated to make mortgage payments only on the basis of the $600,000 debt. Moreover, to the extent plaintiff made additional lump sum payments in the amount of $80,000 from his own personal funds to reduce the mortgage principle, his claim to this amount is unavailing, since the agreement only preserved claims resulting from "the unintentional transmutation of separate or non-marital property into marital property." In any event, plaintiff received a benefit more favorable than

provided for in the agreement since he was awarded $220,000 for his interest in the apartment, despite the fact that at the closing he paid $165,000 less than he was obligated to contribute. Concur—Mazzarelli, J.P., Sweeny, Freedman, Manzanet-Daniels and Román, JJ.