■ In the Matter of J. EZRA MERKIN, Respondent, v RICHARD BORN et al., Appellants. [7 NYS3d 133]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered January 24, 2014, which denied respondents/cross-petitioners' (the Born parties) motion to renew their prior application for court approval of a settlement between the parties, unanimously affirmed, with costs. Order (same court and Justice), entered June 13, 2014, which granted petitioner-cross-respondent J. Ezra Merkin's motion to confirm an arbitration award, and denied the Born parties' cross motion to vacate it, unanimously affirmed, with costs.

The court stated on September 27, 2011, that it would not approve any more settlements between Merkin and his investors, but subsequently approved settlements in 2012 and 2013. It was the approval of these subsequent settlements that was the basis for the Born parties' renewal motion. These settlements do not constitute new facts which were available but not offered on the prior application (*see* CPLR 2221 [e]). Were we to consider these new facts in the interest of justice, they would not change the prior determination (*id.*). Accordingly, denial of the motion to renew was proper.

The motion court properly confirmed the arbitral award. The Born parties' argument that the award was not "final and definite" (CPLR 7511 [b] [1] [iii]) because it ordered Merkin to pay a certain sum jointly instead of awarding a specific sum to each Born party is unavailing (*see generally Matter of Meisels v Uhr*, 79 NY2d 526, 536 [1992]; *Matter of Guetta [Raxon Fabrics Corp.]*, 123 AD2d 40, 44 [1st Dept 1987]). We note that the Born parties did not request separate damages for each Born party until after the arbitrators rendered the award. "[H]aving charted their course in presenting and reaping the benefits of a joint" prosecution of their claim, they cannot now be considered separately for the purpose of damages (*Matter of Wiederhorn v Merkin*, 98 AD3d 859, 861 [1st Dept 2012], *lv denied* 20 NY3d 855 [2012]).

The Born parties' contention that the award is irrational because it did not compensate them for Merkin's alleged alteration of a document is unavailing. Although the arbitration panel's reasoning is unknown, if it made an implicit factual finding that Merkin did not alter the document, we are bound by such a finding (*id.* at 862), and, even assuming, that it found that Merkin altered the document, it was not required to award punitive damages. In any event, "the adequacy of an arbitral award is not grounds for review" (*State of New York v Philip Morris Inc.*, 308 AD2d 57, 69 [1st Dept 2003], *lv denied* 1 NY3d 502 [2003]).

On appeal, the Born parties contend that the arbitral panel

irrationally adopted the report of Merkin's expert on damages, even though it was severely flawed. However, they failed to make this argument before the panel rendered the award.

The Born parties' claim that the arbitrators *expressly agreed* to consider certain evidence but then refused to accept it is without factual foundation in the record. The Born parties were not deprived "of a fundamentally fair hearing" (*Kaminsky v Segura*, 26 AD3d 188, 189 [1st Dept 2006]) by the arbitrators' refusal to accept certain excerpts of testimony from other actions and arbitrations.

We have considered the parties' remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Renwick, Moskowitz and DeGrasse, JJ.