■ DS-CONCEPT TRADE INVEST LLC, Respondent, v WEAR FIRST SPORTSWEAR, INC., Appellant. [10 NYS3d 60]—

Order, Supreme Court, New York County (Robert R. Reed, J.), entered November 21, 2014, which, inter alia, denied defendant's motion to stay or dismiss this action pending arbitration, unanimously reversed, on the law, with costs, and the motion for a stay granted.

In this action to recover accounts receivable allegedly owed to plaintiff as a result of a factoring agreement it entered into with nonparty Deqing County Meili Garment Co., Ltd. (Meili), plaintiff, suing as Meili's assignee, has assumed the assignor's contractual obligation to arbitrate (*see Tanbro Fabrics Corp. v Deering Milliken*, 35 AD2d 469, 471 [1st Dept 1971], *affd* 29 NY2d 690 [1971]; *see also Matter of Kaufman [Iselin & Co., Inc.]*, 272 App Div 578, 581-582 [1st Dept 1947] [if factor took affirmative action to enforce contract, it would assume its assignor's obligation to arbitrate]). We note that to the extent *Rosenthal & Rosenthal v John Kunstadt, Inc.* (106 AD2d 277 [1st Dept 1984], *appeal dismissed* 64 NY2d 1129 [1985]), relied on by plaintiff, failed to heed this portion of *Kaufman*, we decline to follow it (*see e.g. GMAC Commercial Credit LLC v Springs Indus., Inc.*, 171 F Supp 2d 209, 217 [SD NY 2001]).

Contrary to plaintiff's argument, the broad arbitration clause in the contracts between Meili and defendant which provides that all disputes arising in connection with the contract shall be settled through arbitration, is applicable to the instant dispute (*see e.g. State of New York v Philip Morris Inc.*, 30 AD3d 26, 31 [1st Dept 2006], *affd* 8 NY3d 574 [2007]; *Matter of Exercycle Corp. [Maratta]*, 9 NY2d 329, 333 [1961]). Further, there is "a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract," requiring arbitration of this matter (*Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.*, 37 NY2d

91, 96 [1975]; *Remco Maintenance, LLC v CC Mgt. & Consulting, Inc.*, 85 AD3d 477, 479-480 [1st Dept 2011]). A more detailed examination of this dispute is for the arbitrator (*see id.*).

We are staying this action instead of dismissing it so that the parties may make a motion in this action to confirm or vacate any eventual arbitral award instead of having to commence a new action. Concur—Mazzarelli, J.P., Acosta, Renwick, Manzanet-Daniels and Feinman, JJ.