Matter of Noralez v New York City Dept. of Educ. (2020 NY Slip Op 05586)





Matter of Noralez v New York City Dept. of Educ.


2020 NY Slip Op 05586


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Renwick, J.P., González, Kennedy, Mendez, JJ. 


Index No. 101062/16 Appeal No. 12004 Case No. 2019-2652 

[*1]In re Jeny Noralez, Petitioner-Appellant,
v
New York City Department of Education, Respondent-Respondent.


Stewart Lee Karlin Law Group, P.C., New York (Stewart Lee Karlin of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.



Judgment, Supreme Court, New York County (Debra A. James, J.), entered November 1, 2018, confirming an arbitration award terminating petitioner's employment as a tenured teacher, unanimously affirmed, without costs.
The arbitrator's determination that petitioner's teaching performance and judgment were poor during the relevant three-year period has a rational basis in the record and is not arbitrary and capricious (see City School Dist. of the City of N.Y. v McGraham, 17 NY3d 917, 919 [2011]; Matter of Johnson v Board of Educ. of the City Sch. Dist. of the City of N.Y., 171 AD3d 548 [1st Dept 2019]). The record includes 10 substantiated written observational reports and testimony from multiple school administrators demonstrating inadequate teaching, efforts at remediation, and lack of improvement over the three-year period. There is evidence that petitioner behaved unprofessionally toward a student whom she accused of stealing her pen; petitioner admitted that she had redirected the student's insults addressed to her toward his mother. Petitioner further admitted that she showed portions of an R-rated movie to fifth-grade students, while having trouble fast-forwarding through inappropriate portions; the evidence shows that students felt uncomfortable when exposed to scenes that included violence, nudity, and sex. Petitioner contends that there was no direct evidence substantiating certain of the charges against her. However, an arbitrator's determination may be based on hearsay (Matter of Colon v City of N.Y. Dept. of Educ., 94 AD3d 568, 568 [1st Dept 2012]; see Education Law § 3020-a[3][c][i][C]). Moreover, courts may not reweigh the evidence or substitute their own credibility determinations for those of the arbitrator (Matter of Asch v New York City Bd./Dept. of Educ., 104 AD3d 415, 421 [1st Dept 2013]).
Under the circumstances, the penalty of termination does not shock our sense of fairness (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]; Matter of Johnson, 171 AD3d at 548-549). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020