Matter of Mora v Macquarie Holdings (USA) Inc. (2021 NY Slip Op 02876)





Matter of Mora v Macquarie Holdings (USA) Inc.


2021 NY Slip Op 02876


Decided on May 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 06, 2021

Before: Renwick, J.P., Kapnick, Singh, Kennedy, JJ. 


Index No. 654029/19 Appeal No. 13781N Case No. 2020-04123 

[*1]In the Matter of Jorge Mora, Petitioner-Appellant,
v
Macquarie Holdings (USA) Inc., Respondent-Respondent.


Moses & Singer LLP, New York (Robert Wolf of counsel), for appellant.
Marino, Tortorella & Boyle, P.C., New York (Kevin H. Marino of counsel), for respondent.



Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered March 18, 2020, to the extent appealed from, confirming so much of an arbitration award as awarded prejudgment interest at the rate of 3% per annum, rather than 9%, and required the parties to split the administrative fees and arbitration expenses, unanimously affirmed, without costs.
Petitioner failed to demonstrate any of the statutory grounds for vacating an arbitration award (CPLR 7511[b]; see Hackett v Milbank, Tweed, Hadley & McCloy, 86 NY2d 146, 154-155 [1995]). The arbitrator's determination to impose 3% pre-award interest was neither a computational error subject to vacatur under CPLR 7511(c)(1) nor in excess of the arbitrator's authority under CPLR 7511(b)(1)(iii) (see Matter of Chaindom Enters., Inc. [Furgang & Adwar, L.L.P.], 10 AD3d 495 [1st Dept 2004], lv denied 4 NY3d 709 [2005]). The arbitrator's determination to allocate arbitration costs and fees between the parties was not in excess of his authority. Although the parties' employment agreement and the applicable rules of the American Arbitration Association specified that the costs of arbitration would be borne by respondent, the arbitrator also had before him respondent's claims based on a promissory note that provided that petitioner, as borrower, would be responsible for attorneys' fees and the costs of collection upon his breach of the note. Even if the arbitrator made a mistake of fact or law, or disregarded the plain words of the parties' agreement, the award is not subject to vacatur because it is not totally irrational or violative of a strong public policy (see Matter of Chaindom Enters., Inc., 10 AD3d at 496; see also Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326 [1999] ["Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies"]).
We have considered petitioners' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2021