Matter of Ma v Griffin (2022 NY Slip Op 06069)

Matter of Ma v Griffin

2022 NY Slip Op 06069

Decided on October 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 27, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Shulman, Rodriguez, JJ. 

Index No. 650173/21 Appeal No. 16557 Case No. 2021-03172 

[*1]In the Matter of Chenggong (Jason) Ma, Petitioner-Respondent,
v
David Griffin, Respondent-Appellant.

DCL Firm (DeCristofaro Law), New York (Jason R. Mischel of counsel), for appellant.
Moshe Z. Mirsky, White Plains, for respondent.

Appeal from order, Supreme Court, New York County (Carol R. Edmead, J.), entered July 20, 2021, which granted the petition pursuant to CPLR 7510 to confirm an arbitration award, dated November 23, 2020, and denied respondent's cross petition to vacate the award, deemed appeal from judgment, same court and Justice, entered October 13, 2021, awarding petitioner the total sum of $408,604.24 against respondent, and, as so considered, unanimously affirmed, without costs.
Respondent challenges the confirmation of an arbitration award that rejected his request for sanctions based on his allegations that petitioner committed perjury during the arbitration proceeding. Respondent's disagreement with the arbitrator's conclusion that petitioner did not give perjurious testimony or false responses to discovery demands was not a proper basis for setting aside the arbitration award under CPLR 7511(b)(1) or on grounds of public policy. "Generally speaking, courts will not second-guess the factual findings or the legal conclusions of the arbitrator" (Matter of Board of Hampton House Condominium v Rora LLC, 182 AD3d 456 [1st Dept 2020][internal quotation marks omitted]). Respondent has not offered sufficient reason why an exception to that rule exists in this proceeding. Furthermore, courts may not substitute their own credibility determinations for those of the arbitrator (see Matter of Noralez v New York City Dept. of Educ., 187 AD3d 475, 476 [1st Dept 2020]).
Respondent's contention that the court should have vacated the award because the arbitrator irrationally refused to sanction petitioner pursuant to CPLR 3126 for willful failure to disclose pertinent information is unavailing. There was at least "a barely colorable justification" for the arbitrator's conclusion that there was a lack of competent evidence to support respondent's claim of false discovery disclosures (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006] [internal quotation marks omitted], cert dismissed 548 US 940 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2022