Matter of Pearl Capital Bus. Funding, LLC v Berkovitch (2022 NY Slip Op 07003)

Matter of Pearl Capital Bus. Funding, LLC v Berkovitch

2022 NY Slip Op 07003

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kapnick, J.P., Oing, Singh, Moulton, Pitt-Burke, JJ. 

Index No. 652801/21, 652858/21 Appeal No. 16828-16829-16729A Case No. 2022-00954, 2022-01043, 2022-01123 

[*1]In the Matter of Pearl Capital Business Funding, LLC, et al., Petitioners-Respondents-Appellants,
v
Steven Berkovitch et al., Respondents-Respondents, Berkovitch & Bouskila PLLC et al., Respondents-Appellants-Respondents.
In the Matter of Berkovitch & Bouskila PLLC, Cross-Petitioner-Appellant,
v
ABF Servicing, LLC, et al., Respondents-Respondents.

Jacobowitz Newman Tversky LLP, Cedarhurst (Aviva Francis of counsel), for appellant-respondent/appellant.
Reed Smith LLP, New York (Brian A. Sutherland of counsel), for respondents-appellants/respondents.

Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered December 21, 2021, in favor of petitioners Pearl Capital Business Funding LLC, Pearl Alpha Funding LLC, Pearl Beta Funding, LLC, Pearl Gamma Funding LLC, and Pearl Delta Funding LLC (collectively, Pearl), and ABF Servicing LLC and against respondent Berkovitch & Bouskila, PLLC (B&B), unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered on or about November 16, 2021, which granted in part the petition to confirm the award but declined to award counsel fees to Pearl and ABF and dismissed B&B's petition to modify or vacate the award, unanimously dismissed, without costs, as subsumed in the appeals from the judgment.
The parties have not shown that the arbitration award falls within one of the three narrow circumstances justifying judicial review — namely, that it "violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of Board of Educ. of Arlington Cent. Sch. Dist. v Arlington Teachers Assn., 78 NY2d 33, 37 [1991]; see CPLR 7511[b]). The arbitrator did not exceed his power by failing to award to B&B revenue payments from the fourth quarter of 2018. Whether B&B was entitled to those payments was a substantive claim that the parties submitted to binding arbitration under the terms of the agreement, and the arbitrator rejected the claim on the ground that B&B materially breached the agreement.
Nor was the arbitrator's decision irrational or violative of public policy based on a risk that it allowed Pearl and ABF to retain some fees for B&B's legal services (see Judiciary Law § 495). Although an arbitrator "may not overtly disregard the law, arbitrators are not strictly tethered to substantive and procedural laws and may do justice as they see it," provided their decisions do not give rise to one of the circumstances under which a court may review the award (Matter of Solow Bldg. Co. v Morgan Guar. Trust Co. of N.Y., 6 AD3d 356, 356 [1st Dept 2004], lv denied 3 NY3d 605 [2004], cert denied 543 US 1148 [2005]). Here, the ethics of the parties' revenue-sharing arrangement was before the arbitrator, who concluded that the arrangement enabled the parties to share aggregate revenue without violating the prohibition against corporate provision of legal services — a legal conclusion "not judicially reviewable for error" (id. at 357).
Moreover, even assuming Pearl and ABF's retention of all revenue for the fourth quarter of 2018 includes some amount of fees for B&B's legal service, the award would not fall within the limited public policy exception, which applies only in "cases in which public policy considerations . . . prohibit, in an absolute sense, . . . certain relief being granted by an arbitrator" (Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO, 99 NY2d 1, 7 [2002] [internal quotation marks omitted]). Here, the award does [*2]not reveal "on its face" whether a failure to offset Pearl and ABF's award would violate Judiciary Law § 495 (id.); rather, it would be necessary to engage in "extended factfinding" into the parties' sharing of revenue under the complex formula outlined in the agreement, which was already evaluated by the arbitrator (id.). In addition, a modification awarding B&B's claimed share of the revenue is inappropriate, as it would not merely correct a calculation error but would effectively reverse the arbitrator's resolution of the merits (CPLR 7511[c][3]).
Finally, the arbitrator was within his authority to determine that neither party prevailed, as he denied some of Pearl and ABF's claims for relief. Thus, the arbitrator acted within his authority in determining that neither party should be awarded attorneys' fees (see Matter of Bartle v Bartle, 175 AD3d 1216, 1217 [1st Dept 2019];
Tullett Prebon Fin. Servs. v BGC Fin., L.P., 111 AD3d 480, 482 [1st Dept 2013], lv denied 22 NY3d 864 [2014]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022