**Griffin v National Sec. Corp.**

2024 NY Slip Op 33064(U)

August 28, 2024

Supreme Court, New York County

Docket Number: Index No. 653470/2023

Judge: J. Machelle Sweeting

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 62

-------------------------------------------------------------------------------X

KEVIN C. GRIFFIN, YOUSEF J. ABUHAKMEH, ARNIE J. DICIOCCIO

                                       Petitioner,

                                    - v -

NATIONAL SECURITIES CORPORATION,

                                     Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653470/2023 |
| **MOTION DATE** | 07/18/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 10, 11, 12, 13, 14, 15, 16

were read on this motion to/for     VACATE - DECISION/ORDER/JUDGMENT/AWARD    .

        Petitioners Kevin C. Griffin, Yousef J. Abuhakmen and Arnie J. DiCioccio move for a judgment vacating the award entered by the Financial Industry Regulatory Authority ("FINRA") dated April 19, 2023 ("the Award"), pursuant to the provisions of the Federal Arbitration Act ("FAA"), 9 USC § 10, as manifestly in disregard of the law and, alternatively, pursuant to CPLR 7511, as wholly irrational, which denied their claim for commissions in the amount of $819,718.63, plus interest from March 15, 2021.

        Respondent National Securities Corporation (National) cross-moves to confirm the Award.

        For the reasons set forth below, petitioner's motion is denied, respondent's cross-motion is granted, and the Award is confirmed.

653470/2023   GRIFFIN, KEVIN C. ET AL vs. NATIONAL SECURITIES CORPORATION
Motion No.  001

Page 1 of 8

## FACTS

Each petitioner was affiliated with National as an independent contractor registered representative. At the time that they became registered with National, each petitioner completed and signed various paperwork including Independent Contractor Agreements ("the ICAs"). The ICAs contain virtually identical language, and are governed by certain laws, and rules, including those promulgated by the NASD/FINRA and the SEC.

Petitioners' registrations with National were each terminated in November 2019 and, according to their publicly available FINRA BrokerCheck reports, none of the petitioners have been registered with another FINRA firm since that occurred. Petitioners started their own hedge fund, called I3 Investment Partners, LLC.

Petitioners filed the underlying arbitration alleging that they were entitled to additional compensation in the form of commissions for potential carried interest related to certain investment banking transactions. The arbitration hearing was held in person over the course of four days, from October 31 to November 3, 2022, with a three-member panel ("the Panel"). During the hearing, National argued that petitioners were not entitled to the additional compensation that they sought, which would have been in the form of carried interest related to private shares business in two funds for which National served as placement agent for two entities named Palantir and FlipKart. National argued that this was because petitioners were no longer registered with FINRA at the time that any amounts became due, and thus, any payment was prohibited by FINRA Rule 2040.

**653470/2023   GRIFFIN, KEVIN C. ET AL vs. NATIONAL SECURITIES CORPORATION**
**Motion No.  001**

**Page 2 of 8**

2 of 8

[* 2]

As was discussed at the hearing, this triggering date arose with respect to Palantir in or about February or March 2021, following a liquidity event, namely Palantir's September 2020 IPO. FlipKart has not yet had a qualifying liquidity event, but petitioners sought a declaratory judgment if such an event occurs sometime in the future.

Petitioners also sought warrants from transactions in the National Biotech Opportunities Fund, LLC, also referred to by petitioners as the Fortress Biotech transactions. This involves similar concepts to the carried interest issue applicable to Palantir and FlipKart. National argued during the hearing that this issue was moot, as the warrants that they sought did not exist and, if they had, registered representatives would not have been eligible to receive them pursuant to the applicable offering materials.

Petitioners also alleged during the hearing that they were misclassified by National as independent contractors, and that they should have been classified as employees, which would have entitled them to additional damages and attorneys' fees under, *inter alia*, Washington State labor laws. In response, National presented evidence that petitioners were properly classified as independent contractors, and thus, would not be entitled to the special damages sought under Washington labor law.

The parties filed simultaneous post-hearing briefs on March 3, 2023, followed by closing arguments via Zoom on April 11, 2023. On April 19, 2023, the Panel issued the unanimous Award in favor of National. The Award states:

> "After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:
>
> 1. Claimants' claims are denied in their entirety. The Panel determined that Claimants' allegations in their Statement of Claim lacked a legal and factual basis and were completely without merit.
>
> 2. Any and all claims for relief not specifically addressed herein, including any requests for declaratory judgment, and attorneys' fees, are denied"

**653470/2023 GRIFFIN, KEVIN C. ET AL vs. NATIONAL SECURITIES CORPORATION**      **Page 3 of 8**
**Motion No. 001**

(Award [NYSCEF Doc No. 5], at 2). The Panel also directed that petitioners pay the entirety of the hearing session fees (*id*. at 3).

## DISCUSSION

As the parties seeking to vacate the arbitration Award, petitioners bear the burden under federal and New York law. CPLR 7511 (b) allows for only limited grounds for vacating an arbitration award:

> "(b) Grounds for vacating.
>
> 1. The award shall be vacated on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds that the rights of that party were prejudiced by:
>
>> (i) corruption, fraud or misconduct in procuring the award; or
>>
>> (ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or
>>
>> (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or
>>
>> (iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection"

(CPLR 7511 [b]).

Under Section 10 of the FAA, a court may vacate an arbitration award:

> "(1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made"

(9 USC § 10 [a]).

653470/2023   GRIFFIN, KEVIN C. ET AL vs. NATIONAL SECURITIES CORPORATION           Page 4 of 8
Motion No.  001

4 of 8

Under New York law, "'[a] party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high'" (*U.S. Elecs., Inc. v Sirius Satellite Radio, Inc.*, 17 NY3d 912, 915 [2011] [citation omitted]).  Indeed, the Court of Appeals has held that the court's role in reviewing an arbitration award is tightly constrained:

> "It is well settled that judicial review of arbitration awards is extremely limited.  An arbitration award must be upheld when the arbitrator 'offer[s] even a barely colorable justification for the outcome reached.'  Indeed, we have stated time and again that an arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice"

(*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479-80 [2006] [citations omitted]).  In other words, "an arbitrator's rulings, unlike a trial court's, are largely unreviewable" (*Matter of Falzone v New York Cent. Mut. Fire Ins. Co)*, 15 NY3d 530, 534 [2010]; *accord TCR Sports Broadcasting Holding, LLP v WN Partner LLC*, 67 Misc 3d 1242[A], 2019 NY Slip Op 52186[U], * 5 [Sup Ct, NY County 2019]; *see also Tullett Prebon Fin. Servs. v BGC Fin. L.P.*, 111 AD3d 480, 482 [1st Dept 2013] [noting that "'awards are subject to very limited review to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation'"] [citation omitted]).

Here, petitioners do not cite to a standard of review, or identify any of the circumstances defined by CPLR 7511 or section 10.  Instead, they allege a general "manifest disregard," resulting from their conclusion that the Panel "manifestly disregarded the applicable law of the State of Washington regarding the payment of commissions and totally ignored the provisions of Petitioners' contracts, and Respondent's admissions and concessions as to the application of the law of Washington to Petitioners' claim, thereby rendering a totally irrational award" (petition [NYSCEF Doc No. 1], at 2).

653470/2023   GRIFFIN, KEVIN C. ET AL vs. NATIONAL SECURITIES CORPORATION
Motion No.  001

Page 5 of 8

5 of 8

More specifically, petitioners argue that, as commission salesmen in the securities industry, they each signed an agreement with National, a securities broker-dealer, that provided that the law of the State of Washington applied, *inter alia*, to the payment of their commissions. Petitioners contend that, although the law of Washington state applied and it was presented to the Panel, the Panel showed "manifest disregard for the law" by ignoring Washington law that required respondents to pay them their earned commissions.

In making this argument, however, petitioners raise the same arguments that they presented during the multi-day arbitration hearing, which is not a proper basis to vacate an arbitration award (*see Sinderbrand v Wells Fargo Advisors, LLC*, 73 Misc 3d 1217[A], * 1 [Sup Ct, NY County 2021] ["Petitioner's arguments for vacating the arbitration award fail because they ... were previously raised in arbitration and therefore barred as arguments for vacatur"]).

Moreover, petitioners fail to demonstrate the limited circumstances under which "manifest disregard" may be used as a basis for vacatur. In rare circumstances, an arbitration award may be vacated if the award exhibits a manifest disregard of the law, but this "is a doctrine of last resort limited to the rare occurrences of apparent 'egregious impropriety' on the part of the arbitrators, 'where none of the provisions of the FAA apply'" (*Wien & Malkin LLP*, 6 NY3d at 480 [citation omitted]). "The doctrine of manifest disregard, therefore, 'gives extreme deference to arbitrators'" (*id*. at 481 [citation omitted]; *accord Matter of Nexia Health Tech., Inc. v Miratech, Inc.*, 176 AD3d 589, 590–591 [1st Dept 2019]). "To modify or vacate an award on the ground of manifest disregard of the law, a court must find 'both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case'" (*Wien & Malkin LLP*, 6 NY3d at 481 [citation omitted]).

653470/2023   GRIFFIN, KEVIN C. ET AL vs. NATIONAL SECURITIES CORPORATION
Motion No. 001

Page 6 of 8

6 of 8

[* 6]

Neither of these requirements are demonstrated by petitioners here: the text of the Award shows that the Panel considered all of the evidence and authorities before it, and the Washington law that petitioners cite to is not well defined, explicit, or clearly applicable to this matter.

Both parties briefed and were heard by the Panel on the applicability of the Washington labor law. Petitioners argued that they were employees and that the Washington law applied. Respondents argued that, given the ICAs signed by petitioners, they were independent contractors and were not, therefore, entitled to the special damages sought under the Washington law. Respondents further argued that petitioners were not entitled to any compensation at all, whether or not the Washington law applied, because it was prohibited by FINRA Rule 2040, as they were not registered with FINRA.

The Panel specifically stated that, in rendering the Award, they "consider[ed] the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions" (Award, at 2). This meets the requirement that there be at least "'a barely colorable justification for the outcome reached'" (*Matter of Daesang Corp. v The NutraSweet Co.*, 167 AD3d 1, 19 [1st Dept 2018], quoting *Wien & Malkin LLP*, 6 NY3d at 479). As such, this court finds that the Panel acted within its discretion in deciding not to apply Washington law (*see Sinderbrand,* 73 Misc 3d 1217[A] at * 1; *see also Matter of Hurley v EB Safe, LLC*, 215 AD3d 454, 455 [1st Dept 2023]).

Petitioners also fail to demonstrate that the Award was "wholly irrational." Under CPLR 7511 (b) (1) (iii), "an arbitral award will be overturned only in the 'extremely limited' instances where it 'violates a strong public policy, is irrational or exceeds a specifically enumerated limitation on the arbitrator's power'" (*Matter of Gibson, Dunn & Crutcher LLP v World Class Capital Group, LLC*, 194 AD3d 567, 568 [1st Dept 2021] [citation omitted]). This court finds that it was not irrational for the Panel to deny petitioners' request for compensation under Washington

653470/2023   GRIFFIN, KEVIN C. ET AL vs. NATIONAL SECURITIES CORPORATION                Page 7 of 8
Motion No.  001

7 of 8

[* 7]

labor law, given the written agreements designating them as independent contractors, and the fact that they were not registered with FINRA, in violation of FINRA Rule 2040.

Accordingly, because petitioners failed to establish that the Panel acted with "manifest disregard of the law," (*see Matter of Patel v Macy's*, 227 AD3d 551, 551 [1st Dept 2024]; *Matter of Nexia Health Tech., Inc.*, 176 AD3d at 591–592), or that the Award was irrational (*see Matter of Metropolitan Transp. Auth. v Westfield Fulton Ctr., LLC*, 228 AD3d 435, 435 [1st Dept 2024]; *Matter of Pearl Capital Bus. Funding, LLC v Berkovitch*, 211 AD3d 485, 485 [1st Dept 2022]), their motion to vacate is denied.

CPLR 7511 (e) provides in relevant part that "upon the denial of a motion to vacate or modify, [the court] shall confirm the award." Because petitioner's motion to vacate is denied, the Award is hereby confirmed (*see Matter of Bernstein Family Ltd. Partnership v Sovereign Partners, L.P.*, 66 AD3d 1, 7-8 [1st Dept 2009] [stating that confirmation is mandatory if there are no grounds to vacate arbitration award]).

Accordingly, it is hereby:

**ADJUDGED** that the petition to vacate the subject arbitration is **DENIED** in all respects, and the petition is dismissed, with costs and disbursements to respondents; and it is further

**ADJUDGED** that respondent's cross-motion to confirm the award is **GRANTED.**

| 8/28/2024 | | | | | | | |
|---|---|---|---|---|---|---|---|
| **DATE** | | | | **J. MACHELLE SWEETING, A.J.S.C.** | | | |
| **CHECK ONE:** | **X** | **CASE DISPOSED** | | | | **NON-FINAL DISPOSITION** | |
| | | **GRANTED** | | **DENIED** | | **GRANTED IN PART** | **X** **OTHER** |
| **APPLICATION:** | | **SETTLE ORDER** | | | | **SUBMIT ORDER** | |
| **CHECK IF APPROPRIATE:** | | **INCLUDES TRANSFER/REASSIGN** | | | | **FIDUCIARY APPOINTMENT** | **REFERENCE** |

**653470/2023   GRIFFIN, KEVIN C. ET AL vs. NATIONAL SECURITIES CORPORATION**
**Motion No.  001**

Page 8 of 8

8 of 8

[* 8]