Matter of Panzer v Epstein (2024 NY Slip Op 06306)

Matter of Panzer v Epstein

2024 NY Slip Op 06306

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024

Before: Manzanet-Daniels, J.P., Webber, Moulton, Rodriguez, Rosado, JJ. 

Index No. 654909/21 Appeal No. 3266 Case No. 2024-04361 

[*1]In the Matter of Moshe Chaim Panzer, Petitioner-Appellant,
v
Joel Epstein, Respondent-Respondent.

Cyrulnik Fattaruso LLP, New York (Jason Cyrulnik of counsel), for appellant.
Morrison Cohen LLP, New York (Y. David Scharf of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about July 10, 2024, which, to the extent appealed from as limited by the briefs, granted respondent's motion seeking to compel compliance with a prior judgment, same court and Justice, entered July 24, 2023, which confirmed an arbitration award in respondent's favor, unanimously affirmed, without costs.
The parties have not shown that the arbitration award falls within one of the three narrow circumstances justifying judicial review — namely, that it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitration panel's power (see Metropolitan Transp. Auth. v Westfield Fulton Ctr., LLC, 228 AD3d 435, 436 [1st Dept 2024]; Matter of Chaindom Enters., Inc. [Furgang & Adwar, L.L.P.], 10 AD3d 495, 496 [1st Dept 2004]). The parties' settlement agreement expressly provides that the panel has jurisdiction over "all disputes involving the appraisal process and the [c]losing," and the date of the closing and the value of the appraisal were both disputes within the scope of that jurisdiction (see Westfield Fulton Ctr., 228 AD3d at 436). Thus, the arbitration panel acted well within its authority in deciding those disputes (see id.; see also DS-Concept Trade Inv. LLC v Wear First Sportswear, Inc., 128 AD3d 585, 585 [1st Dept 2015]). Moreover, the final award was issued in accordance with paragraph 10 of the settlement agreement, which required petitioner to sell his shares in the company to respondent at a closing to take place no more than 60 days after the panel determined the value of those shares (see Westfield Fulton Ctr., 228 AD3d at 436).
We reject petitioner's assertion that under paragraph 30 of the settlement agreement, he may decline to proceed with the closing. Under the circumstances presented, where the parties engaged in months of settlement negotiations and arbitration proceedings, this interpretation of section 30 is unreasonable and would render the agreement's terms meaningless (see Perlbinder v Board of Mgrs. of 411 East 53rd Street Condominium, 65 AD3d 985 [1st Dept 2009]). In any event, petitioner fails to articulate any material breach that would trigger the provisions of paragraph 30. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2024