Matter of Tilipman v Korban (2026 NY Slip Op 01479)

Matter of Tilipman v Korban

2026 NY Slip Op 01479

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Rosado, Michael, Hagler, JJ. 

Index No. 652434/23|Appeal No. 5582|Case No. 2024-02784|

[*1]In the Matter of Daniel Tilipman et al., Petitioners-Appellants,
vRyan Korban LLC, Respondent-Respondent.

Sitaras & Associates, PLLC, New York (George Sitaras of counsel), for appellants.
Smith, Gambrell & Russell, LLP, New York (Michael R. Glanzman of counsel), for respondent.

Appeal from amended order, Supreme Court, New York County (Richard Latin, J.), entered March 6, 2024, which denied the petition to vacate or modify an arbitration award dated March 15, 2023, granted so much of respondent's cross-motion as was to dismiss the petition, confirmed the award, and dismissed the proceeding, deemed appeal from judgment, same court and Justice, entered October 28, 2024, and so considered, the judgment is unanimously affirmed, without costs.
Although petitioners appealed from the amended order rather than from the ensuing final judgment, this Court exercises its discretion under CPLR 5520(c) to deem the notice of appeal as valid and address the merits of the appeal (see Gem Holdco, LLC v Changing World Tech., L.P., 164 AD3d 1132, 1132 [1st Dept 2018]; Seide v Calderon, 126 AD3d 417, 417 [1st Dept 2015], lv denied 26 NY3d 908 [2015]). The relief granted by the judgment is identical to that granted in the amended order, and petitioners' time to perfect their appeal from the judgment has not elapsed. Requiring petitioners to appeal from the judgment instead of the amended order would force the parties to litigate a duplicative appeal, which can be decided at this time on the merits in the interests of justice (see Robertson v Greenstein, 308 AD2d 381, 382-383 [1st Dept 2003]).
This CPLR article 75 proceeding arises from a 21 page arbitration award decided by a panel of three arbitrators. The award addressed the parties' dispute under an Interior Design Agreement, dated May 20, 2019. The motion court denied the petition to modify or vacate the arbitration award, confirmed the award, and dismissed the proceeding.
"Generally speaking, courts will not second-guess the factual findings or the legal conclusions of the arbitrator" (Matter of Ma v Griffin, 209 AD3d 614, 614 [1st Dept 2022] [internal quotation marks and citations omitted]; see also Matter of NRT N.Y. LLC v Spell, 166 AD3d 438, 439 [1st Dept 2018] ["Mere errors of fact or law are insufficient to vacate an arbitral award"]). Accordingly, an award can be vacated only on the grounds set forth in CPLR 7511(b) (see Matter of NRT, 166 AD3d at 438). "Review of an arbitration award pursuant to CPLR 7511(b) is limited, and an award will be upheld when the arbitrator offers even a barely colorable justification for the outcome reached" (Matter of Jackson v Main St. Am. Group, 210 AD3d 501, 501 [1st Dept 2022] [reversing improper grant of motion to vacate an arbitration award because "the arbitrator set forth a plausible basis for the award"] [internal quotation marks and citations omitted]; see also Matter of Rose Castle Redevelopment II, LLC v Franklin Realty Corp., 184 AD3d 230, 234 [1st Dept 2020], lv denied 36 NY3d 906 [2021]).
Petitioners failed to establish by clear and convincing evidence any ground for vacating the arbitration award (see Matter of Tender Touch Health Care Servs. Inc. v Tnuzeg LLC, 211 AD3d 447, 448 [1st Dept 2022]). First, the arbitration panel acted within its authority in determining that petitioners were not the prevailing party entitled to attorneys' fees, as the arbitration award denied several of their claims for relief (see Matter of Pearl Capital Bus. Funding, LLC v Berkovitch, 211 AD3d 485, 486 [1st Dept 2022] [holding that "arbitrator acted within its authority in determining that neither party should be awarded attorneys' fees" because "neither party prevailed"]; Matter of Bartle v Bartle, 175 AD3d 1216, 1217 [1st Dept 2019] ["The arbitrator's determination that neither party prevailed in the arbitration—and thus that neither party should be awarded attorneys' fees—was also within his authority"]). Indeed, the relief ordered in the arbitration award was not substantially favorable to either party because it found that both sides were at fault to some degree (see 49 E. Owners Corp. v 825 Broadway Realty, LLC, 224 AD3d 493, 493 [1st Dept 2024]). Accordingly, the panel's decision not to designate either party as the prevailing party was neither manifestly irrational nor in excess of its authority.
Second, the arbitration panel did not exceed its authority or act irrationally when it crafted an equitable remedy requiring petitioners to accept delivery of furniture, fixtures, and equipment (FF&E) in respondent's possession, or otherwise direct respondent how to dispose of it within 90 days. The panel had the authority to order equitable relief (see Transparent Value, L.L.C. v Johnson, 93 AD3d 599, 601 [1st Dept 2012] [holding that arbitration panel did not exceed their powers because "[t]hey had the right to fashion equitable relief"]; see also Matter of Antique Rug Dealers Assn. [Hakimian], 210 AD2d 111, 111 [1st Dept 1994] [holding that arbitrators "have broad power to do justice and fashion appropriate remedies, and may even grant relief which a court would not"] [internal quotation marks and citations omitted]. The Commercial Arbitration Rules of the American Arbitration Association, which governed the parties' arbitration, expressly state that the panel "may grant any remedy or relief that [it] deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance of a contract." Thus, the arbitration panel neither exceeded its authority nor acted irrationally in ordering specific performance, rather than money damages for the undelivered FF&E in respondent's possession.
Finally, petitioners' argument that the arbitration award is not final and definite because it leaves the parties unable to determine their rights and obligations concerning the FF&E in respondent's possession is unavailing (see Matter of Alico Servs. Corp. v Westchester Bldg. Co. LLC, 187 AD3d 665, 666 [1st Dept 2020] [concluding that the award should not be modified or vacated because it was final and definite]; Matter of Merkin v Born, 127 AD3d 576, 577 [1st Dept 2015], lv dismissed and denied 26 NY3d 941 [2015] [same]). The arbitration award expressly states that the FF&E items are deemed abandoned if petitioners fail to provide instructions within a 90-day window about how to dispose of them. The award also included a catch-all provision stating that "[f]or avoidance of doubt, to the extent any item of FF&E is not mentioned, [petitioners'] claims are found to be without merit." The panel's language was clear, definite, and unambiguous, conclusively resolving the parties' dispute concerning FF&E (see Matter of Isernio v Blue Star Jets, LLC, 140 AD3d 480, 480 [1st Dept 2016] ["Contrary to the motion court's conclusion, the arbitrator's award, which granted petitioner's claim after evaluating the evidence and identifying the salient issues, was 'final and definite'"]; Ivanyi v Potash, 85 AD3d 670, 671 [1st Dept 2011] ["there is no basis for a conclusion that the award was not final and definite"]).
We have considered the parties' remaining arguments and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026